UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>AARON A. WAGNER, and<br>MICHAEL MAINS,<br><br>Defendants. | **ORDER TO CONTINUE JURY TRIAL**<br><br>Case No. 2:24-cr-357<br><br>Judge Ted Stewart |

Based on the Stipulated Motion to Continue Jury Trial and Exclude Time from Speedy Trial Act Computation filed by defendant Aaron Wagner, in the above-entitled case and for good cause appearing, and with the stipulation of the United States and defendant Michael Mains the Court makes the following findings:

1.      Defendants were indicted on November 6, 2024.

2.      The Parties have moved to continue the trial pursuant to 18 U.S.C. § 3161(h)(7).

3.      The trial is requested to be set at least 180 days after February 3, 2025.

4.      Specifically, defendants have alleged the continuance is necessary because the additional time is reasonably necessary for effective preparation, taking into account the exercise of due diligence.  Failure to grant the motion to continue would result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B).

5.      The facts that support this allegation include the following: On January 7, 2025, the government provided defendant Wagner over 1 terabyte of discovery.  Defense counsel needs time to organize and review the thousands of pages of discovery. In addition, the government seized, pursuant to Rule 41, thousands of pages of discovery. This information is being reviewed by a taint team and has not yet been produced to the defendants.  Additional time is needed to produce

the additional discovery. Defense counsel has been locating and interviewing witnesses.  Even so, additional time is needed to review and organize the discovery that has been produced, receive and review additional new discovery and locate and interview witnesses.

6.    This matter involves voluminous discovery.

7.    This matter is complex.

8.    All defendants and the United States have agreed with the need for a continuance of the trial and agree that the prosecution and the defense will not be hindered or prejudiced by the delay.

Based on the foregoing findings, the Court concludes that failure to grant such a continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, or would result in a miscarriage of justice. 18 U.S.C. § 3161 (h)(7)(b)(i), (iv).  Therefore, the ends of justice served by such a continuance outweigh the best interests of the public and the defendant in a speedy trial.

THEREFORE, the Jury Trial previously scheduled to begin on February 3, 2025, is hereby continued to the 4th day of August, 2025. Accordingly, the time between February 3, 2025, and the new trial date set forth above is excluded from speedy trial computation for good cause.

DATED this 17th day of January, 2025.


BY THE COURT:


_____
Ted Stewart
United States District Court Judge


2