FELICE JOHN VITI, Acting United States Attorney (7007)
CARL D. LESUEUR, Assistant United States Attorney (16087)
BRENT L. ANDRUS, Assistant United States Attorney (NY 5143474)
TRAVIS K. ELDER, Assistant United States Attorney (11987)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
(801) 524-5682
travis.elder@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> AARON WAGNER, and <br> MICHAEL MAINS <br><br> Defendant. | STIPULATED MOTION TO CONTINUE JURY TRIAL, SET A STATUS CONFERENCE, AND EXCLUDE TIME <br><br> Case No. 2:24-cr-00357-TS <br><br> Judge Ted Stewart |

The United States, through undersigned counsel, files this Stipulated Motion to Continue Jury Trial, Set a Status Conference, and Exclude Time from Speedy Trial Act Computations pursuant to 18 U.S.C. § 3161 and DUCrimR 12-1(b)(1)-(8). The Defendants Aaron Wagner and Michael Mains have indicated through their counsel that they stipulate to this motion. The parties request that trial be continued for a period of 90 days or more, a status conference be set for the second week of September, 2025, and that the intervening period of dela be excluded from the speedy trial clock. In support of this stipulated motion, the United States proffers the following:

1. On October 23, 2023, the United States filed a sealed complaint against Aaron Wagner. Dkt. 1

2. On November 6, 2024, the United States filed an indictment against Aaron Wagner and Michael Mains. Dkt. 22. The indictment against Wagner superseded the complaint against him.

3. During Mr. Wagner's arraignment on November 8, 2024, the court set a 14-day jury trial to begin February 3, 2025. Dkt. 32.

4. During Mr. Mains's arraignment on December 4, 2024, the court reaffirmed the February 3, 2025 trial date. (Dkt. 48).

5. This is the second motion to continue trial in this case. (*See* Dkt. 177).

6. Defendant Aaron Wagner filed a stipulated motion to continue on January 9, 2025 (Dkt. 177), seeking to continue trial on the grounds that this matter is complex and it was in the interests of justice to allow the United States to complete its Rule 41 off-site review of data seized during search warrants and produce the seized materials, if any, in discovery, and to allow all parties to review those materials in preparation for trial.

7. At that time approximately 44 days had passed for purposes of the computation of time under the Speedy Trial Act. That is the number of days that had passed from the initial appearance of the last defendant appearing on the indictment (Mr. Mains on December 4, 2024) to the time of Mr. Wagner's motion. *See* 18 U.S.C. § 3161(h)(6).

8. On January 17, 2025, this Court found that this matter is complex and involves voluminous discovery. (Dkt. 184.) The Court further found that the defense will not be hindered or prejudiced by the delay, and that, in fact, failure to grant a continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Therefore, the ends of justice served by the

continuance outweighed the best interests of the public and the defendant in a speedy trial. The Court continued trial to August 4, 2025 and excluded the period from February 3, 2025 to August 4, 2025 from the computation of time.

9. On April 9, 2025, a Federal Grand Jury returned a superseding indictment in this case. The Superseding Indictment alleges eight violations of Federal criminal law. The counts include wire fraud (Counts 1 and 5 against both defendants), conspiracy to commit wire fraud (Counts 2 and 6 against both defendants), money laundering conspiracy (Count 3 against both defendants), transactional money laundering (Count 4 against both defendants), bank fraud (Count 7 against Defendant Aaron Wagner only), and concealment money laundering (Count 8 against Defendant Aaron Wagner only).

10. Whereas the original indictment alleged money laundering, wire fraud, and conspiracy violations arising out of a single scheme against restaurant business investors, the superseding indictment alleges violations relating to two additional schemes. The first is an alleged scheme to defraud Central Bank. The second is an alleged scheme to defraud Michael Mains' spouse.

11. This matter continues to be complex. While the court found the case presented by the original indictment was complex, the original indictment charged violations arising out of a single scheme. The superseding indictment presents two additional schemes and is more complex. The case involves charges of money laundering. Discovery includes financial records from multiple financial institutions for multiple persons and entities, spanning a period of years. Because of the complexity and volume of the

records in discovery, the discovery materials cannot be reviewed within the time limitations of 18 U.S.C. § 3161.

12. In addition, since the original stipulated motion to continue, the United States has completed some of its Rule 41 review and production of electronically stored information seized pursuant to search warrants.

13. Defense counsel was notified on July 9, 2025 that approximately 36,000 business email records were available for pick-up. These records were identified as within scop of the search warrant, in the United States off-site review of business email records. The search was conducted first through a filter team (otherwise uninvolved in the investigation) who culled out potentially privileged records. Then, the investigative team reviewed of the remaining records by the investigative team to identify records within scope.

14. The United States further provides notice that it has identified approximately 900 additional records from its Rule 41 off-site review of approximately 25,000 social media records.  These records have not yet been processed for discovery. It will take a week or so to do so. The records comprise of images and short videos.

15. Additional Rule 41 offsite review is ongoing. Specifically, review of records from a mobile device and two laptops is still ongoing. The review is proceeding in two stages, a privilege review by the filter team, and a search warrant scope review by the investigative team. The United States intends to identify and produce in-scope records before the end of August 2025. This cannot be accomplished before the current trial setting. Nor can the kind of review of these records necessary to prepare for trial be accomplished by the current trial setting.

16. The United States respectfully submits that it is in the interests of justice to allow the Rule 41 off-site review to be completed before trial. The mobile device is Defendant Wagner's and the laptops belonged to Wagner and one of his employees, on whom he may have relied to keep financial and business records related to the transactions at issue in this case.

17. The defense will need additional time to review the additional discovery materials, conduct its own analysis, and arrange for and conduct any additional witness interviews they deem necessary after reviewing the additional discovery.

18. The requested extension of time is to provide defense counsel with the time necessary to complete these and other actions to provide the defendants effective assistance of counsel. Failure to grant the requested motion to continue would likely deny defendants reasonable time necessary for effective preparation, considering the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

19. Defendants will not be prejudiced by the requested continuance. They agree to waive their rights under the Speedy Trial Act. Defendants agree the time between this motion and the newly set trial date should be excluded under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A). Defendants an the United States assert that the ends of justice served by the granting of such continuance outweigh the best interests of the public and defendant in a Speedy Trial. 18 U.S.C. § 3161(h)(7)(A).

20. Given the voluminous discovery, the complex nature of the case, and the need for a reasonable time necessary for effective preparation taking into account the exercise of due diligence, trial should be scheduled no sooner than 90 days beyond the currently scheduled trial date.

21. In criminal cases, the defendants have Constitutional and statutory rights, and the public has an interest and a right to a speedy trial. *United States v. Toombs,* 574 F.3d 1262 (10th Cir. 2009). When delay is required by need for adequate trial and pretrial preparation, defendants are not asserting speedy trial rights, and defendants are not incarcerated, the likelihood of constitutionally prejudicial delay is reduced. *Barker v. Wingo,* 407 U.S. 514 (1972). "[F]ailure to grant such a continuance [here]. . . would deny counsel for the defendant or the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

22. The parties request that the Court set deadlines for plea negotiations and Rule 12 motions cut-off three weeks before trial.

23. The undersigned counsel for the United States have discussed this motion and proposed order with counsel for the Defendants, and provided written copies before filing. Counsel for each of the defendants indicates they have consulted with their respective clients, and each defendant does not dispute the procedural facts represented above, agrees that the case should be continued, and stipulates to the relief sought in this motion.

24. The continuance is sought in good faith and not for the purpose of delay.

25. The United States believes it is unlikely that this case will require a jury trial to resolve. The United States anticipates calling approximately 30 witnesses. The United States expects that witness testimony for the United States case-in-chief could take 9 trial days, setting aside time for jury selection, opening statements, any defense case,

rebuttal or closings. Thus, the United States respectfully submits that the 14-day jury schedule is not unreasonable.

26. For the above reasons, the United States requests that the trial currently scheduled for August 4, 2025, and all deadlines, including the deadline for motions should be continued for a period of at least ninety days and set for a 12-day trial, and that the intervening time should be excluded from the computation of time under the Speedy Trial Act.

27. In addition, because this case is likely to go to trial, the United States respectfully requests that the Court set a status conference for the first or second week of September. This will allow the parties and the court to address the status of trial preparation and sufficient time to adjust schedules if a further continuance appears to be necessary in the interests of justice. The parties reserve their rights with respect to any motions to further continue trial at that status conference.

Dated: Salt Lake City, Utah  
July 30, 2025

Respectfully submitted,

FELICE JOHN VITI  
Acting United States Attorney

*/s/Carl D. LeSueur*  
CARL D. LESUEUR  
BRENT L. ANDRUS  
*Assistant United States Attorneys*