UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    vs.<br><br>AARON WAGNER and MICHAEL MAINS<br><br>    Defendant. | ORDER TO CONTINUE JURY TRIAL AND EXCLUDE TIME<br><br>Case No. 2:24-cr-00357-TS<br><br>Judge Ted Stewart |

    Based on the Stipulated Motion to Continue Jury Trial and Exclude Time from Speedy Trial Act Computation filed by the United States, in the above-entitled case and for good cause appearing, and with the stipulation of the Defendants, the Court makes the following findings:

    1. Defendants were indicted on November 6, 2024.

    2. The Parties have moved to continue the trial pursuant to 18 U.S.C. § 3161(h)(7). This is the second motion for a continuance in this case.

    3. On January 17, 2025, the trial previously scheduled for February 3, 2025, was continued to August 4, 2025. On April 9, 2025, a Federal Grand Jury in the District of Utah issued a superseding indictment in this case. The parties now request trial be set at least 90 days after August 4, 2025.

    4. The parties allege the continuance is necessary because the additional time is reasonably necessary for effective preparation by attorneys for the government and the defense, taking into account the exercise of due diligence. Failure to grant the motion to continue would result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i), (ii), (iv).

5. The facts that support this allegation include the following: On January 7, 2025, the government provided defendant Wagner over 1 terabyte of discovery. In addition, the government seized or will soon seize, pursuant to Rule 41 off-site review of electronically stored information, thousands of additional records of discovery. Of these, 36,000 records (many of which consist of multiple pages) have been made available to the defense in just the recent two weeks. Another 900 will be made available soon. The government has represented that additional records of unknown quantity will be made available by the end of August, 2025. The review has required the implementation of a filter team to cull out privileged documents for the investigators in this case to review. Additional time is needed to produce the additional discovery. Defense counsel has been locating and interviewing witnesses. Even so, additional time is needed to review and organize the discovery that has been produced, receive, and review additional new discovery, identify the records most relevant to their defense and attempt to identify, locate, and interview any witnesses with information about those records.

6. This matter involves voluminous discovery, multiple alleged schemes to defraud, money laundering, alleged conduct that spanned a large period of time and many transactions, a large number of witnesses, and two defendants.

7. This matter is complex.

8. Both of the defendants and the United States have all agreed with the need for a continuance of the trial and agree that the prosecution and the defense will not be hindered or prejudiced by the delay.

Based on the foregoing findings, the Court concludes that failure to grant such a continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, or would result in a miscarriage of justice. 18 U.S.C. §

3161 (h)(7)(b)(i), (ii), (iv). Therefore, the ends of justice served by such a continuance outweigh the best interests of the public and the defendant in a speedy trial.

THEREFORE, the fourteen-day Jury Trial previously scheduled to begin on August 4, 2025, is hereby continued to the 3rd day of November, 2025. Accordingly, the time between August 4, 2025, and the new trial date set forth above is excluded from speedy trial computation for good cause.

DATED this 30th day of July, 2025.

BY THE COURT:

_____
Ted Stewart
United States District Court Judge