UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>AARON WAGNER, et al.,<br><br>　　　　　　Defendant. | **INTERLOCUTORY SALE ORDER**<br><br>Case No. 2:24-cr-00357-TS<br><br>Judge Ted Stewart |

Based on the United States Motion for Interlocutory Sale Order, and good cause appearing, the Court GRANTS the motion based on the following findings:

Pursuant to Supplemental Rule G(7)(b) of the Federal Rules of Civil Procedure, as incorporated by Rule 32.2(b)(7) of the Federal Rules of Criminal Procedure, the court has the authority to order the interlocutory sale of property subject to forfeiture if the court finds that the property is perishable or at risk of deterioration; the expense of keeping the property is excessive or is disproportionate to its fair market value; the property is subject to a mortgage or to taxes on which the owner is in default; or the court "finds other good cause." Rule G(7)(b)(i). The court also has authority to enter an interlocutory sale order under 21 U.S.C. § 853(e), which authorizes the court to "take any . . . action to preserve the availability of property" subject to forfeiture.

The following provides good cause for this order:

a. Avoidance of continued expenses as identified in the Motion. These expenses include late payment fees and interest accruing at the rate of 18% per annum on a home equity line of credit, and accrued property taxes of $60,632.28;

1

    b. The owners are in default on paying mortgage and tax payments on the property; and

    c. The preservation of value available for forfeiture that will result from allowing the interlocutory sale.

Accordingly,

IT IS HEREBY ORDERED:

1. The United States may sell real property located at 781 N Country Manor Lane, Alpine, Utah, and legally described as:

LOT 4, PLAT "F", BENNETT FARMS SUBDIVISION, ACCORDING TO THE OFFICIAL PLAT THEREOF, ON FILE AND OF RECORD IN THE OFFICE OF THE UTAH COUNTY RECORDER, STATE OF UTAH,

("Subject Property").

2. The Subject Property shall be sold pursuant to the following provisions:

    a. The United States Marshals Service and its contractors ("USMS") shall market, sell, and dispose of the Subject Property using the same policies, procedures, and methods it uses for the sale of finally forfeited assets.

    b. Within seven business days of this order's entry, the defendant shall provide to the U.S. Attorney's Office any documentation, including any written statement about the Subject Property's value, that he wants the USMS to consider before the USMS lists the property for sale. The U.S. Attorney's Office will forward any documentation it receives from the defendant to the USMS. The USMS shall consider any such

    information it receives from the defendant prior to listing the property for sale. The USMS retains ultimate discretion in deciding the listing price and entering any contracts to sale the property.

c. Candace Wagner and any other occupants at the Subject Property shall vacate and remove all personal property from the Subject Property within 45 days of this order's date ("Removal Date"). The USMS may grant extensions of the Removal Date in its sole discretion. Any personal property remaining on the property after the Removal Date shall be deemed abandoned and may be disposed of by the USMS without any liability. Upon entry of this order, the USMS is authorized to enter and inspect the property (upon reasonable notice to occupants as long as the property is occupied prior to the Removal Date).

d. If the Subject Property remains occupied after the Removal Date, the USMS may, without further Order of the Court and during daylight hours, remove the occupants and remove their personal property.  In so doing, the USMS may be accompanied by any federal, state, or local law enforcement officers it has selected to ensure the safety of any person and may use such force as is reasonably necessary to gain entry and to remove the occupants and their personal property, including breaking locks, removing barricades, and forcibly removing any persons or personal property from the Property

e. Once the Subject Property becomes vacant, the USMS is authorized to change the locks, secure the property, and take custody of it.

f. USMS shall pay from, and up to the limit of, the gross proceeds of sale, the following expenses in the order stated:

   i. First, all expenses incurred in the seizure, custody, maintenance, security, and preparation of the Subject Property for sale;

   ii. Second, all expenses incurred in the sale of the Subject Property, for real property such expenses may include commissions, transfer taxes, recording fees, title insurance, surveys, and similar expenses of closing along with marketing expenses and disposal fees;

   iii. Third, real property taxes assessed against the Subject Property;

   iv. Fourth, amounts necessary to redeem the Subject Property from foreclosure or tax sale;

   v. Fifth, any expenses customarily paid by the seller in the sale of assets of real property; and

   vi. Sixth, payment of a mortgage lien held by Central Bank and attached to and secured by the Subject Property.

3. The balance of the gross proceeds of sale plus any cash assets associated with, or derived from, the Subject Property (*e.g.* rent or forfeited earnest money deposits), after deducting the above-listed expenses (the "Net Proceeds") shall be held by the USMS in the Department of Justice Seized Asset Deposit Fund pending a final order of forfeiture. Under Supplemental Rule G(y)(b)(iv), the Net Proceeds from the Subject Property shall be a Substitute *Res* for the Subject Property and, if the Subject Property is found to have been forfeitable, the applicable Substitute *Res* shall be forfeited in lieu of the Subject Property. Should the Subject Property be found not to be forfeitable, the Net Proceeds associated with the Subject Property will be distributed as ordered by the Court.

4. Any claims to, arising from, or secured by the Subject Property shall, after its sale, be applied to, and payable, if at all, solely from, the Substitute Res associated with the Subject Property.

5. Accordingly, the purchaser or purchasers of the Subject Property shall take clear title free of any liens or claims which may have formerly been applicable to, payable from, or secured by the Subject Property except that the purchaser's interest shall be subject to any easements, restrictions, and leases of record.

6. The USMS, without further order of the Court, is authorized to execute documents, transfer title, and to otherwise effect the transfer of all right, title, and interest to the Subject Property to any purchaser thereof.

7. If, in the sole opinion of the United States Marshals Service, the sale of the Subject Property will not raise sufficient gross proceeds to pay the amounts identified above, it may abandon sale of the Subject Property and shall notify the Court of its determination.

8. The United States may record this order in the land records, indexed against the Subject Property, and it may be relied upon by the public and title companies.

SO ORDERED this 23rd day of September, 2025.

BY THE COURT:

_____
Ted Stewart
United States District Court Judge