RICHARD A. VAN WAGONER (4690)
NATHAN A. CRANE (10165)
SPENCER FANE LLP
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah 84145-5000
Telephone: (801) 521-9000
rvanwagoner@spencerfane.com
ncrane@spencerfane.com
 *Attorneys for Aaron Wagner*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>       vs.<br><br>AARON A. WAGNER, and<br>MICHAEL MAINS,<br><br>             Defendant. | **STIPULATED MOTION TO CONTINUE JURY TRIAL, EXCLUDE TIME FROM SPEEDY TRIAL ACT COMPUTATION, AND FOR SCHEDULING CONFERENCE TO SET TRIAL AND OTHER DATES**<br><br>Case No. 2:24-cr-00357<br><br>Judge Ted Stewart |

Defendant Aaron Wagner files this Stipulated Motion to Continue Jury Trial, Exclude Time from Speedy Trial Act Computation, and for Scheduling Conference to Set Trial and Other Dates. The motion to continue is filed pursuant to 18 U.S.C. § 3161, *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), and DUCrimR 12-1(b)(1)-(8). Co-defendant Michael Mains and the United States stipulate to the relief sought in the motion. The parties ask the court to enter an order continuing the 14-day trial, which is

scheduled to begin November 3, 2025. The parties request the trial be continued pending a scheduling conference with the court to set a firm trial and other dates.

1. On October 23, 2023, the United States filed a sealed complaint against Aaron Wagner. (Dkt. 1)

2. On November 6, 2024, the United States filed an indictment against Aaron Wagner and Michael Mains. (Dkt. 22) The indictment against Wagner superseded the complaint against him.

3. During Mr. Wagner's arraignment on November 8, 2024, the court set a 14-day jury trial to begin February 3, 2025. (Dkt. 32)

4. During Mr. Mains's arraignment on December 4, 2024, the court reaffirmed the February 3, 2025 trial date. (Dkt. 48).

5. Messrs. Wagner and Mains were both charged in counts 1-16 of the indictment. The charges related to an alleged scheme involving a restaurant investment. (Dkt. 22, 32)

6. The indictment also included a notice of intent to seek forfeiture of three properties and the proceeds of the sale of a fourth property. (Dkt. 22)

7. On April 9, 2025, a grand jury issued a superseding indictment against Wagner and Mains on multiple counts. The superseding indictment includes four counts (counts 1-4) concerning an alleged scheme involving a restaurant investment, two counts (counts 5-6) concerning an alleged scheme involving a marital property dispute, and two counts (counts 7-8) concerning an alleged scheme involving Wagner's application for and use of bank funds.

8. The superseding indictment also incudes a notice of intent to seek forfeiture of three properties and the proceeds of the sale of a fourth property. (Dkt. 65)

9. Defendants were arraigned on the superseding indictment on May 6, 2025. (Dkt. 82)

10. Defendants are out of custody and on pre-trial supervision. (Dkt. 33, 49, 82)

11. During the arraignments the court set as conditions of pre-trial release that defendants are to have no contact with certain people whom the United States has identified as "victims, potential witnesses, and codefendants." That list, provided by the United States to counsel for Wagner on November 13, 2024, includes the names of 68 individuals.

12. This is the third motion to continue filed in the case, but the second since the grand jury issued the superseding indictment.

13. The United States began the process of providing discovery in December 2024 with its First Certificate of Compliance. (Dkt. 51)

14. On September 29, 2025, the United States filed its Eighth Certificate of Compliance. (Dkt. 101)

15. The discovery for the original 16 counts of alleged white-collar crime and forfeiture of millions of dollars and property is voluminous with 68 alleged victims and witnesses and includes extensive financial records, electronic records including correspondence, and extensive summaries of interviews conducted by law enforcement.

16. At the time of Mr. Wagner's arrest on October 23, 2024, the United States seized a large volume of data that has undergone off-site review pursuant to Rule 41, Federal Rules of Criminal Procedure. Insofar as this data may include communications between the defendants and others in connection with the conduct at issue, it is in the interest of the parties and public to delay the trail for a reasonable period to facilitate review and production of information seized as a result of the review.

17. Electronics seized from Wagner were subjected to a taint review conducted by AUSAs and personnel who are not involved in the investigation or prosecution of this case.

18. On June, 11, 2025, the U.S. Attorney's Office, taint team, notified defense counsel it had an additional 383,000+ documents to produce in discovery, post taint-review.

19. The U.S. Attorney's Office then informed defense counsel the records were not ready for production.

20. At the end of September 2025, the United States produced what it asserts is the final set of discovery, including the contents of Mr. Wagner's electronic devices. (Dkt. 101) The production of the contents of Mr. Wagner's electronic devices, however, was in a completely different format and organization than how the records were stored on Mr. Wagner's electronic devices, presenting problems for Mr. Wagner to search for and locate information necessary to his defense.

21. Defendant Wagner has sought return of his electronic devices which are necessary for him to prepare his defense. The United States declined to produce the

4

devices until both defendants stipulated to the authenticity of records. The parties have now signed the stipulation for authenticity, and Mr. Wagner is awaiting production of the electronic devices to his counsel.

22. Additional time is needed to review and organize the discovery including the contents of Mr. Wagner's electronic devices in their originally-stored format, which he has not yet received. This task will not be completed in time to be ready for trial on November 3, 2025. Additional time is required to provide defense counsel an opportunity to review and evaluate all materials produced and to be produced by the government and determine what additional investigation will be necessary to defend this case.

23. This matter is complex. It would be unreasonable to expect the defense to be ready for trial by November 3, 2025. *See* 18 U.S.C. § 3161(h)(7)(B)(ii). The case involves many financial and business records concerning many individuals, entities, and transactions. Because of the sheer quantity and complexity of the records, and the need to obtain Mr. Wagner's electronic device to access his the records as originally stored, the records cannot be reviewed within the time limitations of 18 U.S.C. § 3161. Thus, the case is complex as defined in 18 U.S.C. § 3161 and the delay resulting from the requested continuance is excludable under the Speedy Trial Act.

24. Given the difficulty in scheduling a lengthy trial to meet multiple people's schedules, the parties request the court to set a scheduling conference to set a trial and other dates.

25. The requested extension of time is to provide defense counsel with the time necessary to complete these and other actions to provide the defendants effective assistance of counsel. Failure to grant the requested motion to continue would likely deny defendants reasonable time necessary for effective preparation, considering the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

26. Defendants will not be prejudiced by the requested continuance. They agree to waive their rights under the Speedy Trial Act. Defendants agree the time between this motion and the newly set trial date should be excluded under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A). Defendants assert that the ends of justice served by the granting of such continuance outweigh the best interests of the public and defendant in a Speedy Trial. 18 U.S.C. § 3161(h)(7)(A).

27. The Sixth Amendment right to counsel is essential to the fairness of criminal trials and the reliability of the verdicts in our criminal justice system. *See, e.g., United States v. Cronic, 466 U.S. 648, 658 (1984)*. Courts fairly recognize that when trial lawyers are not prepared for trial, but proceed in a haphazard fashion, their *actions* are not properly characterized or forgiven as strategic choices. *See, e.g., Fisher v. Gibson, 282 F.3d 1283, 1307 (10th Cir. 2002)*.

28. Defendants in criminal cases enjoy a constitutional and statutory right to a speedy trial, and the public also has an interest in a speedy trial. *United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009)*. These rights must accommodate the need for constitutionally adequate trial preparation to ensure the reliability of the verdicts. *Cronic, 466 U.S. at 658*. If the delay is occasioned by the need for adequate preparation

of the defense, defendant is not asserting a right to a speedy trial, particularly if the defendant is not incarcerated, so the likelihood of constitutionally prejudicial delay is virtually nonexistent. *Barker v. Wingo,* 407 U.S. 514 (1972). In this matter, "failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

29. The parties request the court to set a deadline for plea negotiations three weeks before trial, and a motion cut-off deadline of three weeks before trial.

30. Counsel for Wagner and Mains have discussed the motion to continue with Assistant United States Attorney Carl LeSueur. Mr. LeSueur agrees that the case should be continued and stipulates to the relief sought in the motion.

31. The continuance is sought in good faith and not for the purpose of delay.

32. For the reasons set forth herein, the parties request that the trial currently scheduled for November 3, 2025 and all deadlines be vacated.

33. The parties jointly ask the court to set a scheduling conference to set a trail and other dates that accommodates the time necessary for trial preparation which meet with everyone's calendar.

DATED this 24th day of October 2025.

        **SPENCER FANE LLP**

        */s/ Richard A. Van Wagoner*
        Richard A. Van Wagoner
        Nathan A. Crane
        *Attorneys for Defendant*

**KUNZLER BEAN & ADAMSON**

*/s/ Matthew R. Lewis*
Mathhew Lewis *(signed with permission by filing attorney)*
  *Counsel for Michael Mains*

**US ATTORNEY'S OFFICE**

*/s/ Brent L. Andrus*
Brent L. Andrus *(signed with permission by filing attorney)*
  *Counsel for United States*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **STIPULATED MOTION TO CONTINUE JURY TRIAL, EXCLUDE TIME FROM SPEEDY TRIAL ACT COMPUTATION, AND FOR SCHEDULING CONFERENCE TO SET TRIAL AND OTHER DATES** was served upon Plaintiff by submission of the document for electronic filing on October 24, 2025.

>Carl D. LeSueur
>Brent L. Andrus
>Assistant United States Attorney
>111 S. Main Street, Ste. 1800
>Salt Lake City, UT 84111
>801-524-5682
>Carl.lesueur@usdoj.gov
>Brent.Andrus@usdoj.gov
> *Attorney for Plaintiff*

>>*/s/ Megan Neff*
>>Legal Assistant

4812-5308-7597, v. 1