FELICE JOHN VITI, Acting United States Attorney (#7007)
CARL D. LESUEUR, Assistant United States Attorney (#16087)
BRENT L. ANDRUS, Assistant United States Attorney (NY #5143474)
Attorneys for the United States of America
Office of the United States Attorney
111 S. Main Street, Suite 1800
Salt Lake City, Utah  84111
Telephone:  (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| UNITED STATES OF AMERICA, | Case No. 2:24mj1042 |
|---|---|
| Plaintiff, | THE UNITED STATES' PARTIAL OPPOSITION TO DEFENDANTS' EMERGENCY MOTION TO TRAVEL |
| vs. | |
| AARON A. WAGNER, | Judge Ted Stewart |
| Defendant. | |

The United States respectfully submits that Defendant should not be permitted to travel unless he signs the attached affidavit before a notary and presents the original to the United States.  With significant charges pending, the Defendant seeks leave of Court to leave the country to go to Canada. Defendant is a citizen in Canada and has family there.

The Defendant proffers that his father, who resides in Canada, is dying. The Defendant proffers a letter from Dr. Brad Weston. Since the letter was provided yesterday, the United States has reached out to Dr. Weston. The United States has learned that Dr. Weston is the Defendant's relative, perhaps a brother-in-law. The medical witness's relationship to the Defendant was not previously disclosed to the United States or the Court. Nevertheless, Dr. Weston satisfied the United States that the letter is authentic and that Defendant's representations about his father's

condition are accurate. (The Defendant did not previously proffer information about his father's fall, so the United States did not verify that particular piece of information with Dr. Weston.)

In the United States, the Defendant is facing criminal charges. He has no ongoing employment here, although he indicates he is in an online degree program and occasionally contracting out as a consultant. He is in the midst of a contentious divorce.[1] That divorce is so contentious, that the Defendant appears to blame the United States' detention motion—and perhaps this criminal case—on his wife. These are not circumstances one would expect he is eager to return to. It does appear however, that he is making regular child support payments,[2] corroborating his claims that his children are important to him.

Within the last two weeks, Defendant allegedly threatened a victim/witness in this case. Specifically, he told the individual—one of the Defendant's former investors—that he would kill the witness when this was over. A petition for revocation has been filed to address this violation. ECF No. 105.

This Court had previously prohibited Defendant from any contact whatsoever with victims or witnesses, no less making threats against them. After the Defendant learned of a federal investigation, but before he was charged, he attempted to intimidate other witnesses by sending them cease-and-desist letters threatening costly, if not ruinous defamation lawsuits. For this and other reasons, including his dual citizenship, his access to an airplane, and his history of flying aircraft without a license, the United States sought to detain him.

Balancing the compelling importance of visiting a dying parent against the risks posed by the Defendant's travel outside the country, the United States respectfully submits that the request

---

[1] The Defendant's motion includes allegations about his communications with his wife about this criminal case. The United States is not privy to those communications. They are not relevant here.
[2] There appears to be one unverified monthly payment.

should be granted only if the Defendant signs a notarized affidavit agreeing to return to the United States by a date certain and waiving extradition hearings and procedures afforded under the Canadian Extradition Act and stipulating to dual criminality of the alleged offenses. This will help mitigate the risk of his travel.

DATED October 24, 2025.   Respectfully submitted,

FELICE JOHN VITI
Acting United States Attorney

*/s/Carl D. LeSueur*
CARL D. LESUEUR
Assistant United States Attorney