UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>　　vs.<br><br>AARON WAGNER, and<br>MICHAEL MAINS<br><br>　　Defendant. | PARTIES' JOINT STATUS REPORT<br><br>Case No. 2:24-cr-00357-TS<br><br>Judge Ted Stewart |

　　The parties submit the following joint status report laying out the respective positions of the parties regarding trial scheduling. The United States reports that it can be prepared and available for trial any date from January 12, 2026 through June 16, 2026, except March 1-15, 2026 and May 11-14, 2026. The United States believes trial should be scheduled during the next seven or eight months.[1] The Defendants dispute the assumptions and positions contained in the Government's report and explain why the 4-week trial in this matter should not be scheduled until at least August 10, 2026.

　　The parties jointly stipulate to a motion deadline 90 days before the start of trial (except motions *in limine*) and a plea deadline of 60 days before the start of trial.

---

[1] One of the government attorneys has prior family obligations to be out of the country from June 17 through June 24, 2026, and returns on June 25.

**United States' position:**

The United States estimates trial in this case to take approximately seven trial days, plus whatever time the Defendants may decide to take to present a defense case. The United States anticipates 25-30 witnesses in its case-in-chief.[2] It anticipates that many of those witnesses will likely testify for an hour or less, though a few will likely be on the stand for two hours or more (including cross examination). That is, if jury selection commences on a Monday, the United States believes it will be in a position to hand the case to the Defense for their case at the close of Tuesday the following week.

The United States does not dispute that an interests-of-justice delay is warranted for the reasons set forth in the Defendants' motion. *See* Dkt. No. 102. But the motion lacks a sufficient explanation for a ten-month delay. *United States v. Larson*, 627 F. 3d 1198, 1207 (10th Cir. 2010) (interests-of-justice departure from Speedy Trial Act deadlines must be supported by a detailed explanation, not mere conclusory allegations). A district court must give significant weight to the public's interest in a speedy trial, which is generally served by strict adherence to the Speedy Trial Act's requirements. *See United States v. Toombs*, 574 F. 3d 1262, 1273 (10th Cir. 2009).

The United States is aware of just two grounds for the requested length of continuance. Neither appears to justify a ten-month continuance.

---

[2] It is true that the government provided a larger "no-contact list" of potential victims, witnesses, and co-defendants to aid defendants in meeting their pretrial release obligations, but this was never intended to be a preliminary trial witness list. The above is the government's best current estimate of the number of trial witnesses.

<u>Defense Counsel's Competing Obligations to Complex Trials</u>. First, counsel for Defendant Aaron Wagner has a March 16, 2024 trial in *United States v. Bowser, et al.*, 2:23-cr-281. That case has been long pending. It is a complex fraud case involving seven defendants. The trial is presently scheduled for a 24-day jury trial to commence March 16, 2024 in front of Judge Howard C. Nielson, Jr., to be held four-days a week. If that schedule holds and is not shortened, trial will be completed by May 1, 2025.

In addition, Judge Stewart recently set trial in another case, *United States v. Gannuscia, et al.*, 2:24-cr-00157-TS, for trial on May 11-14, 2025. That case is a two-count tax fraud case that is not expected to last more than the 4 days allotted. The *Gannuscia* case involves both defense and prosecution lawyers staffed to the current *Wagner* case.

The United States acknowledges that the interests in continuity of counsel for the defendants warrants accommodation in the interests of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). But it is unclear how that justifies a ten-month continuance. It appears trial in this case could be scheduled in the second half of January or the end of May 2026 without interfering with continuity of counsel in either case.

The same reasoning would not apply to cases defense counsel may have taken on after being retained in this case. All other things being equal, the United States respectfully submits that any such case should be continued to accommodate this one (or relinquished to a substitute counsel), rather than the other way around.

<u>Inspection of Wagner's Devices</u>. Second, Defendant Michael Mains's counsel has indicated that he wishes to inspect records on Aaron Wagner's electronic devices, with

consent of Wagner. The United States already made available to the defense on September 29, 2025 all records it seized from those devices pursuant to search warrant. The United States had previously produced many business records previously obtained from former employees. And Mr. Mains has had access to his own devices and records, none of which were seized, since he was indicted in October 2024.

It is not clear that there is any incremental value to the defense in any records from Wagner's devices not already seized and produced by the government. Wagner's counsel has suggested it will be easier for Defendant Wagner to locate relevant records on his devices as he originally organized them. That may be so. But neither defendant has provided any detailed representations regarding the existence, nature, or materiality of records not already seized and produced.

In short, although the defense may yet produce information to justify the length of the requested delay, it has not done so to date. Therefore, the United States objects to any continuance beyond that delay reasonably necessary to accommodate defense counsel's obligations in the *Bowser* trial and the defendants' interests in continuity of counsel.

The United States provides below the Defendant's respective positions, which defense counsel provided for inclusion here.

### Defendant Michael Mains's Position:
#### The Trial in this Case is Likely to Last at Least 4 Weeks

The Government previously indicated that it anticipated the trial in this matter would require at least three weeks, an estimate that was unreasonably optimistic in Mr. Mains' counsel's view. The Government's current position that it can try its case in 7 trial

days (not accounting for Defense time) seems fanciful. This case is incredibly complicated, involving three different alleged conspiracies, dozens of investment entities, and complex accounting issues, all of which are relevant to the allegations in the case. The Government initially listed more than 80 potential witnesses in its case in chief. It now states that it has narrowed that list down to 25-30 that it plans to call at trial. Counsel for Mr. Mains applauds this effort, but the Government has refused to identify which of the 80+ witnesses in its original list have been eliminated so that Mr. Mains can evaluate on his own the length of each witness's testimony, how much cross examination is necessary, and whether excised witnesses would still be called during Mr. Mains' case. However, based on what counsel knows about the case and the potential witnesses, counsel respectfully submits that it is unlikely that most witnesses will testify quickly when cross-examination is considered. Most of the witnesses listed on the Government's witnesses list have significant credibility issues that will warrant extensive cross-examination. With counsel for two defendants each cross-examining witnesses, it is not reasonable to believe that the Government can get through its case in less than 3 weeks.

In addition, Mr. Mains intends to mount a substantive defense that alone could last 5 trial days (depending on which witnesses the Government calls during its case). For purposes of planning, it is not reasonable to believe that the trial in this matter will last less than 4 weeks.

<u>Counsel for Mr. Mains Has Trials in February and May 2026 That Preclude Him From Effectively Representing His Client at Trial Prior to Early July 2026</u>

The Government agrees that continuity of counsel dictates that this trial cannot take place between March 16, 2026 and April 24, 2026 due to the *Bowser* trial discussed in the Government's position. The Government also agrees that the trial in this case cannot take place between May 11-15, 2026 due to the *Gannuscia* trial also discussed above. However, when the true length of this case is considered (4 weeks of trial, at least) there is no window before early July that would work to schedule this case for Mr. Mains' counsel.

During meet and confer communications leading up to this Report, counsel for Mr. Mains advised the Government that he has a trial scheduled for February 3-6, 2026. This trial has been rescheduled several times and is very likely to proceed on these dates. In addition, counsel for Mr. Wagner has identified a number of events that preclude them from participating in a 4-week trial during this time.

A 4-week trial in January or February 2026 is also not feasible and would not give counsel for Defendants sufficient time to adequately prepare because the Government only recently produced and returned Mr. Wagner's laptop, which contains information critical to the defense that cannot be reviewed and analyzed prior to a January 2026 trial date.

Counsel for Mr. Mains has also advised the Government that he believes that the trial in the *Gannuscia* case, although currently scheduled for 4 days beginning May 11, 2026, is likely to last 7 days or more if it proceeds to trial, which would take that trial through May 19, 2026.

Counsel for Mr. Mains has also indicated that he will be unavailable due to a previously planned vacation from June 20-27, 2026. The Government has indicated that at least one of its attorneys is scheduled to be gone during the week prior on a previously planned trip. *See*, *supra*, n.1.

Given that the trial in this matter is reasonably anticipated to last 4 weeks and the conflicts listed above, the first dates counsel for Mr. Mains would be available for trial, and which would provide sufficient time to prepare given other clients and responsibilities, would be in early July, 2026. <u>Counsel for Mr. Mains could accommodate any trial dates during the window from July 6 forward</u>. However, counsel for Mr. Mains does not object to a trial beginning after August 10, 2026, as requested by counsel for Mr. Wagner.

**<u>Defendant Aaron Wagner's Position:</u>**

Aaron Wagner's position is that he cannot be prepared to go to trial before August 10, 2026 and asks the Court to schedule a trial to begin after August 10, 2026.

Counsel for Mr. Wagner agrees with Mr. Main's counsel's assessment of length of trial set.

Mr. Wagner's counsel are scheduled for a weeklong fraud/conspiracy trial in a multi-defendant case before Judge Waddoups beginning February 20, 2026. Two of the defendants moved for a *James* hearing. Judge Waddoups has set a briefing schedule for the *James* motion and will determine whether and when to hold the *James* hearing which would likely occur in January 2026 if the hearing goes forward. The defendants do not anticipate moving that trial and will oppose any effort by the government to continue the

trial. The case is not being prosecuted by the Utah office of the United States Attorney but rather by the Northern District of Texas. In order to effectively prepare for the trial in February including anticipated pretrial disclosures and motions, counsel will need time in January.

Counsel has family obligations in January and February 2026 that make him unavailable for trial. Counsel has obligations to his law firm where he serves in management on the firm's executive committee and compensation committee. Firm leadership meets during the week of January 26, 2026 in Kansas City, Missouri, to resolve end of year firm matters. Counsel's presence at these firm meetings is mandatory.

Aaron Wagner's counsel are scheduled for a six-week complex white collar trial before Judge Nielson beginning March 16, 2026 which is scheduled to last through April 24, 2026 (24 trial days). Judge Nielson has set a lengthy series of pretrial deadlines beginning December 8, 2025, and running thorough January, February, and the up to trial for pretrial disclosures of witnesses, expert witnesses, rebuttal experts, jury instructions, verdict forms, motions *in limine*, *Daubert* motions, briefing schedules, opening statement materials and illustrative aids, and objections to all of the foregoing. *See U.S. v. Bowser*, *et. al*, Case No. 2:23-cr-281, Dkt. 171 (Trial Order).

Aaron Wagner's counsel are scheduled for a sentencing before Judge Barlow on January 26, 2026 which will require the preparation and submission of a Memorandum in Aid of Sentencing after counsel receives the Presentence Report.

Given the length of the trial with Judge Nielson that goes through the end of April, 2026, counsel cannot be prepared for a multi-week trial in May in this matter. Counsel

has a two week trial set in Box Elder County with the Attorney General's Office in *State of Utah v. Justin Roche*, First Dist. Case No 231100316.  The *Roche* trial is scheduled to begin on April 23, 2026.  Counsel filed a motion to continue that trial, given the lengthy federal trial that immediately proceeds it, and the State filed an opposition listing concerns with continuing the *Roche* trial.  As of now the *Roche* trial is scheduled to begin April 23, 2026, making counsel unavailable for that week and the next.

Counsel is unavailable for trial during the months of June and July 2026 given significant family commitment occurring during those months and given counsel's booked trip out of state July 17-26, 2026.

Aaron Wagner's counsel have been requesting the return of Mr. Wagner's electronic devices which contain information he believes is crucial to his defense.  The Government has recently said those devices will be delivered to counsel on November 12, 2026.  The government states that it recently provided the substance of what was on his devices in discovery. A problem with that production, which counsel explained to the government, is the information was produced in a format and compilation that is completely different from how the information was input and saved on his devices and is not useful to Mr. Wagner.  Per the government's request, before the government would produce Mr. Wagner's electronic devices defense counsel were required to enter a stipulation with the government concerning authenticity. Defense counsel and their clients signed stipulation and submitted it to the United States, counsel for Wagner on October 6, 2025 and counsel for Mains on October 23, 2025.  As of this submission, the devices remain in the government's possession.

*********************************************

Dated: November 10, 2025　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　FELICE JOHN VITI
　　　　　　　　　　　　　　　　　　　　Acting United States Attorney

　　　　　　　　　　　　　　　　　　　　*/s/Carl D. LeSueur*
　　　　　　　　　　　　　　　　　　　　CARL D. LESUEUR
　　　　　　　　　　　　　　　　　　　　BRENT L. ANDRUS
　　　　　　　　　　　　　　　　　　　　*Assistant United States Attorneys*


　　　　　　　　　　　　　　　　　　　　　*/s/*
　　　　　　　　　　　　　　　　　　　　RICK VAN WAGONER
　　　　　　　　　　　　　　　　　　　　NATHAN CRANE
　　　　　　　　　　　　　　　　　　　　*Counsel for defendant Aaron Wagner*


　　　　　　　　　　　　　　　　　　　　　*/s/*
　　　　　　　　　　　　　　　　　　　　MATT LEWIS
　　　　　　　　　　　　　　　　　　　　*Counsel for defendant Michael Maines*