RICHARD A. VAN WAGONER (4690)
NATHAN A. CRANE (10165)
SPENCER FANE LLP
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah 84145-5000
Telephone: (801) 521-9000
rvanwagoner@spencerfane.com
ncrane@spencerfane.com
 *Attorneys for Aaron Wagner*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br>AARON A. WAGNER, and<br>MICHAEL MAINS,<br><br>Defendant. | **STIPULATED MOTION TO CONTINUE JURY TRIAL AND EXCLUDE TIME FROM SPEEDY TRIAL ACT COMPUTATION**<br><br>Case No. 2:24-cr-00357<br><br>Judge Ted Stewart |

Defendant Aaron Wagner files this Motion to Continue Jury Trial and Exclude Time from Speedy Trial Act Computation. The motion to continue is filed pursuant to 18 U.S.C. § 3161, *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), and DUCrimR 12-1(b)(1)-(8). Co-defendant Michael Mains and the United States stipulate to the relief sought in the motion. The parties ask the Court to enter an order continuing the trial to September 28, 2026, and to exclude the time between the date of this filing and September 28, 2026 from the Speedy Trial Act computation.

1. On October 23, 2023, the United States filed a sealed complaint against Aaron Wagner. (Dkt. 1)

2. On November 6, 2024, the United States filed an indictment against Aaron Wagner and Michael Mains. (Dkt. 22) The indictment against Wagner superseded the complaint against him.

3. During Mr. Wagner's arraignment on November 8, 2024, the court set a 14-day jury trial to begin February 3, 2025. (Dkt. 32)

4. During Mr. Mains's arraignment on December 4, 2024, the court reaffirmed the February 3, 2025 trial date. (Dkt. 48).

5. Messrs. Wagner and Mains were both charged in counts 1-16 of the indictment. The charges related to an alleged scheme involving a restaurant investment. (Dkt. 22, 32)

6. The indictment also included a notice of intent to seek forfeiture of three properties and the proceeds of the sale of a fourth property. (Dkt. 22)

7. On April 9, 2025, a grand jury issued a superseding indictment against Wagner and Mains on multiple counts. The superseding indictment includes four counts (counts 1-4) concerning an alleged scheme involving a restaurant investment, two counts (counts 5-6) concerning an alleged scheme involving a marital property dispute, and two counts (counts 7-8) concerning an alleged scheme involving Wagner's application for and use of bank funds.

8. The superseding indictment incudes a notice of intent to seek forfeiture of three properties and the proceeds of the sale of a fourth property. (Dkt. 65)

9. Defendants were arraigned on the superseding indictment on May 6, 2025. (Dkt. 82)

10. Defendants are out of custody and on pre-trial supervision. (Dkt. 33, 49, 82)

11. This is the fourth motion to continue filed in the case, but the third since the grand jury issued the superseding indictment.

12. Defendant Aaron Wagner filed a Stipulated Motion to Continue Jury Trial on October 24, 2025, seeking an ends of justice continuance under to 18 U.S.C. § 3161(h)(7)(A).

13. Mr. Wagner asserted that the continuance was necessary because the case is complex and includes numerous financial and business records concerning many individuals, entities, and transactions. Therefore, due to the complexity and the large quantity of records, counsel could not be prepared to move forward with trial as scheduled. *See* 18 U.S.C. § 3161(h)(7)(B)(ii).

14. Mr. Wagner further asserted he had requested access to certain records from the government that the government had not yet provided, and counsel for all parties involved in the case had numerous scheduling conflicts in the coming months and well into next year. Therefore, Mr. Wagner asserted that failure to continue the trial would deny counsel for defendant the reasonable time necessary for effective preparation, considering the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

15. While the government agreed a continuance was necessary in this case, the parties disagreed regarding the necessary length of the continuance. The

government asserted that trial could begin as early as January 2026 and any continuance beyond July 2026 would not be justified. The government asserted that it could present its case in chief in approximately seven days.

16. Defendants disagreed with the government's estimated trial length and argued the trial must be scheduled for four weeks considering the number of witnesses the government intends to call, which the defense intends to cross-examine extensively, and the number of days necessary for Defendants to present their case.

17. Counsel for Mr. Wagner asserted they were not available for a lengthy trial before August 10, 2026, due to various scheduling conflicts, including other trials in which they already were scheduled to participate.

18. Counsel for Mr. Mains asserted they were not available for trial before July 6, 2026, for similar reasons, but stipulated to a trial after August 10, 2026, to accommodate Mr. Wagner's counsel.

19. Upon review of the parties' respective arguments, the Court was persuaded that trial in January or February would deny counsel the reasonable time necessary for effective preparation, considering the exercise of due diligence, because of the complexity of the issues and ongoing discovery efforts. 18 U.S.C. §§ 3161(h)(7)(B)(ii), (iv). Additionally, counsel for both Defendants appeared to have significant scheduling conflicts in January and February, so scheduling a trial during these months would deny Defendants continuity of counsel. 18 U.S.C. § 3161(h)(7)(B)(iv).

20. Regarding March and April, Mr. Wagner's counsel was scheduled to participate in another criminal trial to begin on March 16, 2026, and conclude at the end

of April 2026. Therefore, the Court found that scheduling a trial during these months would likely make continuation of the trial impossible or result in a miscarriage of justice, as well as deny Mr. Wagner continuity of counsel. 18 U.S.C. §§ 3161(h)(7)(B)(i), (iv).

21.   Counsel for both parties were involved in another trial scheduled to begin on May 11, 2026, and continue for between four and seven days. The parties agreed the jury trial could not occur during that time. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). One attorney for the government had a one-week vacation scheduled to begin on June 17, 2026. Counsel for Mr. Mains had a vacation scheduled on June 20, 2026. Counsel for Mr. Wagner asserted he had significant family commitments during June and July.

22.   However, counsel did not explain if the commitments resulted in their unavailability for the entire months of June and July, or otherwise provide sufficient detail such that the Court could assess if time was excludable during this time frame.

23.   Absent such, there appeared to be a three-week window beginning May 26, 2026, where there was not a specific scheduling conflict asserted by any of the attorneys involved in the trial. The Court scheduled the trial during this window, but noted that it would consider an additional continuance by either party if such was justified under the Speedy Trial Act as the trial drew closer.

24.   Based on the foregoing findings, the Court entered an Order on November 24, 2025, granting the Motion to Continue and excluding the period of delay between the filing of the Motion to Continue and the new trial date of May 26, 2026, under the Speedy Trial Act. For the reasons explained above, the Court found that the ends of

5

justice served by such a continuance outweighed the best interests of the public and the defendant in a speedy trial pursuant to 18 U.S.C. §§ 3161(h)(7)(B)(i), (ii), (iv).

25. After entry of the Order continuing the jury trial to the 26th day of May 2026, and excluding the time between filing the motion and the new trial date from the computation under the Speedy Trial Act, counsel for Mr. Wagner sought a hearing with the Court to address and clarify counsel's scheduling conflicts during the period the Court had rescheduled the trial.

26. The request by Mr. Wagner's counsel was based on the caveat noted in the Order to continue that the Court would consider an additional continuance by either party if such was justified under the Speedy Trial Act as the trial drew closer.

27. At a meeting involving counsel for the parties, counsel for Mr. Wagner and counsel for Mr. Mains clarified with Court staff that they were unavailable for the May 26, 2026 jury trial date due to prior commitments. Specifically, Mr. Mains' counsel asserts he cannot adequately prepare for the May 26, 2026 jury trial date so quickly on the heels of his May 11, 2026 trial. Mr. Wagner's counsel, Mr. Crane, indicates he has pre-scheduled international travel from May 22 to June 1, 2026 and from July 1 to July 24, 2026. He also has an immediate family member returned to the United States after years abroad, and another family leaving the United States for years abroad during this period. He does not believe he can adequately prepare for and attend trial in the midst of these events, given the exercise of all reasonable diligence, nor that there is adequate time for trial between these events.

28. Also, since the court entered the Order to continue the jury trial to May 26, 2026, counsel for Mr. Wagner have trials scheduled in August 2026 and early September 2026. Counsel for the parties notified Court staff they were available to begin the trial September 28, 2026.

29. This matter is complex. It would be unreasonable to expect the defense to be ready for trial by May 26, 2026, given counsel's prior commitments. *See* 18 U.S.C. § 3161(h)(7)(B)(ii).

30. The requested extension of time is to provide continuity of counsel and give defense counsel the time necessary to provide effective assistance. Failure to grant the requested motion to continue would likely deny defendants reasonable time necessary for effective preparation, considering the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

31. Defendants will not be prejudiced by the requested continuance. They agree to waive their rights under the Speedy Trial Act. Defendants agree the time between this motion and the newly set trial date should be excluded under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A). Defendants assert that the ends of justice served by the granting of such continuance outweigh the best interests of the public and defendant in a Speedy Trial. 18 U.S.C. § 3161(h)(7)(A).

32. The Sixth Amendment right to counsel is essential to the fairness of criminal trials and the reliability of the verdicts in our criminal justice system. *See, e.g., United States v. Cronic,* 466 U.S. 648, 658 (1984). Courts fairly recognize that when trial lawyers are not prepared for trial, but proceed in a haphazard fashion, their *actions*

are not properly characterized or forgiven as strategic choices.  *See, e.g., Fisher v. Gibson,* 282 F.3d 1283, 1307 (10th Cir. 2002).

33.     Defendants in criminal cases enjoy a constitutional and statutory right to a speedy trial, and the public also has an interest in a speedy trial.  *United States v. Toombs,* 574 F.3d 1262 (10th Cir. 2009).  These rights must accommodate the need for constitutionally adequate trial preparation to ensure the reliability of the verdicts.  *Cronic,* 466 U.S. at 658.  If the delay is occasioned by the need for adequate preparation of the defense,  defendant is not asserting a right to a speedy trial, particularly if the defendant is not incarcerated, so the likelihood of constitutionally prejudicial delay is virtually nonexistent.  *Barker v. Wingo,* 407 U.S. 514 (1972).  In this matter, "failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  18 U.S.C. § 3161(h)(7)(B)(iv).

34.     Counsel for Wagner and Mains have discussed the motion to continue with Assistant United States Attorney Carl LeSueur.  Mr. LeSueur agrees that the case should be continued and stipulates to the relief sought in the motion.

35.     The continuance is sought in good faith and not for the purpose of delay.

36.     For the reasons set forth herein, the parties request that the trial currently scheduled for May 26, 2026 and all deadlines be vacated.

DATED this 27th day of January 2026.

-Signature Page to Follow-

**SPENCER FANE LLP**

*/s/ Richard A. Van Wagoner*
Richard A. Van Wagoner
Nathan A. Crane
 *Attorneys for Defendant*


*/s/ Carl D. LeSueur*
Carl D. LeSueur
Brent L. Andrus (*Signed on behalf of filing attorney with permission*)
 *Assistant United States Attorneys*

*/s/ Matthew R. Lewis*
Matthew R. Lewis (*Signed on behalf of filing attorney with permission*)
 *Counsel for Defendant Michael Mains*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **STIPULATED MOTION TO CONTINUE JURY TRIAL AND EXCLUDE TIME FROM SPEEDY TRIAL ACT COMPUTATION** was served upon Plaintiff by submission of the document for electronic filing on January 27, 2026.

       Carl D. LeSueur
       Brent L. Andrus
       Assistant United States Attorney
       111 S. Main Street, Ste. 1800
       Salt Lake City, UT 84111
       801-524-5682
       Carl.lesueur@usdoj.gov
       Brent.Andrus@usdoj.gov
       *Attorney for Plaintiff*

                                   */s/ Megan Neff*
                                   Legal Assistant

4812-5308-7597, v. 1