IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AARON WAGNER, and MICHAEL MAINS<br><br>Defendants. | ORDER TO CONTINUE JURY TRIAL<br><br>Case No. 2:24-CR-00357-TS<br><br>District Judge Ted Stewart |

Based on Defendant Aaron Wagner's Motion to Continue Jury Trial in the above-entitled case, and for good cause appearing, the Court makes the following findings:

1. An Indictment in this case was issued on November 6, 2024. Defendant Aaron Wagner first appeared before a judicial officer of the court on October 29, 2024. Defendant Michael Mains first appeared before a judicial officer of the court on December 4, 2024. Trial was initially set for February 3, 2025.

2. Defendant Aaron Wagner filed a Stipulated Motion to Continue Jury Trial on January 27, 2026, seeking an ends of justice continuance under to 18 U.S.C. § 3161(h)(7)(A). This is the fourth request to continue trial in this matter.

3. The Court previously granted a motion to continue and excluded time under the Speedy Trial Act until the current trial date of May 26, 2026. That continuance was based on Mr. Wagner's assertions regarding the complexity of the case, that he was still awaiting disclosure of certain records from the government, and that counsel for all parties involved have numerous scheduling conflicts continuing through the year.

1

Mr. Wagner's counsel asserted that they were not available for trial until August 2026. However, the Court found a window of time at the end of May 2026 during which no scheduling conflict had been identified. Accordingly, the Court scheduled the trial to begin on May 26, 2026.

5.     After the order continuing the trial to May 2026 was issued, Counsel for Mr. Wager informally told the Court that it had a scheduling conflict with the newly scheduled trial date and would be requesting an additional continuance. Counsel for the parties have since met and agreed upon a date during which counsel for all parties are available to participate in a complex, four-week trial.

6.     Mr. Wagner now asserts that, due to the complexity of the matter and the various scheduling conflicts, a continuance of trial to September 28, 2026, is necessary because failure to grant the requested continuance is likely to deny counsel for defendants the reasonable time necessary for effective preparation, considering the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

7.     Counsel for the both the government and Mr. Mains, the other Defendant in this case, stipulate to the requested continuance.

Based on the foregoing findings, the Court grants the Motion and will exclude the period of delay between the filing of the Motion to Continue and the new trial date of September 28, 2026, under the Speedy Trial Act. The Court finds that failure to exclude the time between the current trial date and the new trial date set forth below would likely result in a miscarriage of justice, deny Defendants continuity of counsel, or deny counsel for Defendants the reasonable time necessary for effective preparation, taking

into account the exercise of due diligence. 18 U.S.C. §§ 3161(h)(7)(B)(i), (iv). For these reasons, the Court finds that the ends of justice served by such a continuance outweigh the best interests of the public and the defendant in a speedy trial pursuant to 18 U.S.C. §§ 3161(h)(7)(A).

    THEREFORE, the jury trial previously scheduled to begin on May 26, 2026, is hereby continued to the 28th day of September, 2026, at 8:30 a.m. Accordingly, the time between the filing of the Motion and the new trial date set forth above is excluded from computation under the Speedy Trial Act.

    The Court will schedule a final pretrial conference for September 1, 2026. The parties have previously stipulated to the following deadlines: all motions, other than motions in limine, are due 90 days before first day of trial, and the plea cut-off is 60 days before trial is scheduled to begin.

    DATED this 29th day of January, 2026.

_____
Ted Stewart
United States District Judge

3