RICHARD A. VAN WAGONER (4690)
NATHAN A. CRANE (10165)
SPENCER FANE LLP
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah 84145-5000
Telephone:  (801) 521-9000
rvanwagoner@spencerfane.com
ncrane@spencerfane.com
 *Attorneys for Aaron Wagner*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br>AARON A. WAGNER, and<br>MICHAEL MAINS,<br><br>Defendant. | **DEFENDANTS' JOINT MOTION TO ORDER THE GOVERNMENT TO NARROW THE NO-CONTACT LIST CONSISTENT WITH ITS REPRESENTATIONS TO THE COURT**<br><br>Case No. 2:24-cr-00357<br><br>Judge Ted Stewart<br>Magistrate Judge Cecila Romero |

Defendants, through their undersigned counsel, move the Court to order the government to modify the no-contact list consistent with its representations to the Court on November 10, 2025.

On November 11, 2024, the Court entered an Order Setting Conditions of Release.  Dkt. 33. Paragraphs 6(c) included the following:

Avoid all contact, directly or indirectly, with any person who is or may be an alleged victim, potential witness and/or codefendant in the investigation or

prosecution. . . . List of person to be provided within 5 days to the defendant by the Government.

On November 13, 2024, counsel for the United States emailed a list of alleged victims, potential witnesses, and codefendants. The list included nearly 70 names.[1]

In response to a motion to continue the trial, Judge Stewart instructed the parties to submit a joint status report in lieu of holding a status conference. Dkt. 113. On November 10, 2025, the parties submitted Parties' Joint Status Report. Dkt. 118. In its position statement, the government informed the Court it anticipates presenting its case in seven days and calling 25-30 witnesses in its case in chief. The length of trial represented by the government in the Joint Status Report appears to be a significant reduction from its previous calculations on length of trial and number of witnesses. *See* Dkt. 91.

Defendants are under strict orders not to have contact with nearly 70 people on a list submitted by the government. With one non-purposeful exception based on a chance encounter, Mr. Wagner has abided by paragraph 6(c) of the Order Setting Conditions of Release as informed by the government's list.[2] Mr. Mains has abided by the Order Setting Conditions of Release as informed by the government's list.

---

[1] Under the parties' stipulation, the Court previously modified the conditions of release to permit Mr. Wagner to communicate with codefendant Michael Mains in the presence of both parties' counsel. Dkts. 41, 42.

[2] Mr. Wagner had a chance sighting at a professional hockey game of someone ("RB") who is on the list – they passed and saw each other in the Delta Center concourse. RB reported to the FBI that Mr. Wagner and he had an encounter which included exchanging words and Mr. Wagner threatening him. Surveillance video from the arena concourse established that RB's report to the FBI was fabricated. On

While Defendants recognize the need to avoid impropriety and its appearance, the First Amendment protects the rights of individuals to associate with others for the common advancement of beliefs, ideas, and other interests.  It is recognized as a key component of individual liberty.[3]  The pretrial condition that prohibits Defendants from associating with certain people directly impairs their First Amendment association and speech rights.  The Court is required to impose the least restrictive condition or set of conditions what will achieve public safety and ensure Defendants' appearance at trial.[4]  A condition that infringes on Mr. Wagner's constitutional speech and association rights must therefore satisfy a compelling government interest and be no more intrusive than is necessary. Given the government's prior concession that it only intends to call 25-30 witnesses, the current list does not meet that standard.

Moreover, given the possibility that Defendants could have a chance encounter with someone on the list, as Mr. Wagner did, the larger the number of people on the list,

November 5, 2025, after receiving the evidence, including surveillance video, the Court ruled from the bench as memorialized in the Docket 117 minute entry:

> The court denies the Motion for the reasons stated on the record. Court hears arguments from both sides as to the allegation pending in the petition. After a brief recess and for the reasons stated on the record, the Court finds that the defendant in part has violated his Pretrial Condition of Release, finding on or about Oct. 2, 2025 the defendant, Mr. Wagner had contact with Ryan Bowen, a potential victim and/or witness but that the contact was brief, a chance encounter at a sporting event, and that the defendant Mr. Wagner did not have a purposeful encounter. The defendant will continue on conditions of release with no new conditions to be added as the court did not find a sufficient justification to include the government's request to add the condition of no alcohol.

[3] *See generally* Legal Information Institute, Amdt.1.8.1, Overview of Freedom of Association.

[4] 18 U.S.C. § 3142(c)(1)(B).

the more likely they are to have a similar chance encounter and be accused of violating a pretrial condition.

Defendants also believe many of the listed people are not adverse and are necessary for their defense.

Given the government's representation to the Court concerning length of trial and number of witnesses, as well las the First Amendmenet and Due Process issues raised by an overly-inclusive list of potential witnesses, the Court should require the government to modify the no-contact list to include only those people who are necessary for the government's case.

DATED this 3rd day of June 2026.

SPENCER FANE LLP

/s/ Richard A. Van Wagoner
Richard A. Van Wagoner
Nathan A. Crane
  *Attorneys for Defendant*

MASSEY BEAN AND LEWIS

/s/ Matt Lewis
Matt Lewis (signed with permission via email on 6/2/26 by filling attorney)
  *Attorney for Michael Mains*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **DEFENDANTS' JOINT MOTION TO ORDER THE GOVERNMENT TO NARROW THE NO-CONTACT LIST CONSISTENT WITH ITS REPRESENTATIONS TO THE COURT** was served upon Plaintiff by submission of the document for electronic filing on June 3, 2026.

> Carl D. LeSueur
> Brent L. Andrus
> Assistant United States Attorney
> 111 S. Main Street, Ste. 1800
> Salt Lake City, UT 84111
> 801-524-5682
> Carl.lesueur@usdoj.gov
> Brent.Andrus@usdoj.gov
> *Attorney for Plaintiff*

> /s/ Megan Neff
> Legal Assistant

4812-5308-7597, v. 1