RICHARD A. VAN WAGONER (4690)
NATHAN A. CRANE (10165)
SPENCER FANE LLP
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah 84145-5000
Telephone:  (801) 521-9000
rvanwagoner@spencerfane.com
ncrane@spencerfane.com
 *Attorneys for Aaron Wagner*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br>AARON A. WAGNER, and<br>MICHAEL MAINS,<br><br>Defendant. | **DEFENDANTS' JOINT MOTION FOR *JAMES* HEARING**<br><br><br>Case No. 2:24-cr-00357<br><br>Judge Ted Stewart |

The Superseding Indictment charges defendants Wagner and Mains with four conspiracies among eight counts.[1]  The charges are summarized in the following chart:

---

[1] The Superseding Indictment charges four separate conspiracies in two distinct schemes among in counts 1-6. The third scheme does not include an alleged conspiracy. Defendants anticipate filing motions to sever counts 1-4, 5-6, and 7-8 as having been improperly joined in a single indictment under Rules 8(a) and 8(b) and, alternatively 14(a), Federal Rules of Criminal Procedure. Each group of counts is entirely separate from the other groups of counts because each group arises from distinct, dissimilar conduct with no relation to the other groups.  The Superseding Indictment does not plead a shared victim, shared transaction, shared business entity, shared objective, or integrated plan tying the three groups together.

| Category | Counts | Defendants | Alleged victims | Subject matter / core proof |
|---|---|---|---|---|
| Restaurant-investor allegations | Counts 1-4 | Wagner + Mains | Restaurant investors / lenders | Food-services businesses; WagsCap-related entities; investor communications; restaurant entities; fund transfers. |
| Mains spouse / divorce allegations | Counts 5-6 | Wagner + Mains | Mains' then-spouse | Domestic-relations dispute; alleged concealment of marital assets; divorce-case evidence; communications relating to Mains' spouse. |
| Central Bank / bank allegations | Counts 7-8 | Wagner only | Central Bank | Construction loan / property development; loan documents; draw requests; property records; bank communications; alleged personal-residence use. |

Counts 2, 3, and 4 in the Restaurant Investor Category allege three separate conspiracies – to commit wire fraud, to commit money laundering, and to commit transactional money laundering.

Count 6 in the Mains Spouse Divorce Category alleges conspiracy to commit wire fraud.

In part because of the prevalence of conspiracy prosecutions, federal courts have developed practices to jealously safeguard the rights of criminal defendants. One such practice is to conduct a *James* hearing,[2] which requires a pretrial determination of the admissibility of coconspirator statements the government seeks to introduce at trial.

---

[2] *United States v. James*, 590 F.2d 575 (5th Cir. 1979) (*en banc*).

Because such a hearing protects against the admission of potentially inadmissible evidence and avoids "the danger to a defendant in a conspiracy trial when the government tenders a coconspirator's statement before laying the foundation for its admission,"[3] Aaron Wagner and Michael Mains move this Court to conduct a pretrial *James* hearing.

To admit out-of-court statements by alleged coconspirators, the government must prove by a preponderance of the evidence "that there was a conspiracy involving the declarant and the [defendant], and that the statement was made 'during the course and in furtherance of the conspiracy.'" *Bourjaily v. United States*, 483 U.S. 171, 175 (1987) (quoting Fed. R. Evid. 801(d)(2)(E)). Because of its presumptive unreliability, "a coconspirator's statement implicating the defendant in the alleged conspiracy must be corroborated by fairly incriminating evidence." *United States v. Silverman*, 861 F.2d 571, 578 (9th Cir. 1988). Further, the government cannot rely only on coconspirator statements themselves to prove the existence of a conspiracy. *United States v. Castaneda*, 16 F.3d 1504, 1507 (9th Cir. 1994).

Recognizing the importance of a pretrial determination of the admissibility of each coconspirator declaration, the Tenth Circuit has noted that conducting a *James* hearing is "strongly preferred." *United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir. 1995). To be sure, it does not follow from the Tenth Circuit's "strong preference" that a

---

[3] *Id.* at 581.

district court is required to conduct a pretrial hearing.[4] Nor is there a uniform approach to determining the admissibility of co-conspirator statements among the circuits.[5] But this Court can—and should—require the government to meet its burden through a *James* hearing.

A pretrial hearing ensures that the foundational requirements of 801(d)(2)(E) are met and likewise avoids many of the harms caused by premature or conditional admission of coconspirator statements. Indeed, the risks posed by conditional admission are acute. The Fifth Circuit in *James* aptly detailed some of these risks:

> [W]e identify the danger to a defendant in a conspiracy trial when the government tenders a coconspirator's statement before laying the foundation for its admission. Courts have on occasion allowed such statements to be heard by the jury upon the promise that the prosecutor will 'connect it up.' Of course, if it is connected up, the defendant suffers no prejudice in the order of proof. If, however, the judge should conclude at the end of the trial that the proper foundation has not been laid, the defendant will have been prejudiced from the jury's having heard the inadmissible evidence.

590 F.2d at 581-82.[6] The risks posed by permitting the introduction of evidence that may not "connect up" later are not limited to the prejudice to the defendant. In holding that a district court should require the showing of a conspiracy and the connection to

---

[4] *See, e.g., United States v. Sagaste-Cruz*, 187 Fed. Appx. 804 (10th Cir. 2006) ("the district court has discretion to admit testimony conditionally" – subject to its connection to independent evidence"); *United States v. Zemek*, 634 F.2d 1159, 1169 (9th Cir. 1980) (observing that the "procedure of conditionally admitting co-conspirator's statements subject to later motions to strike is well within the court's discretion.").

[5] *See United States v. Joyce*, 2017 WL 895563 (N.D. Cal.) (recognizing that "[c]ourts have utilized various approaches regarding the order of proof" and outlining three common approaches to Fed R. Evid. 801(d)(2)(E) issues).

[6] To the extent that curative instructions could be used to quell prejudice, the better approach is to avoid the error at the outset. After all, the Ninth Circuit has recognized that "[u]nder [some] circumstances the trial court's curative instruction[s] to the jury [are] not sufficient to obviate the prejudice." *United States v. Bland*, 908 F.2d 471 (9th Cir. 1990) (citation omitted).

the defendant before admitting a coconspirator's declarations, the court in *James* also referenced "the inevitable serious waste of time, energy and efficiency when a mistrial is required[.]" *Id.* at 582. A pretrial hearing where the preliminary determination of admissibility is made avoids the last-minute, mid-trial risks of tainting the jury with potentially inadmissible testimony. Indeed, such a hearing eliminates altogether the possibility that a judge will have to "decide whether the prejudice arising from the erroneous admission of the coconspirator's statements can be cured by a cautionary instruction to disregard the statement or whether a mistrial is required." *Id.* at 583. Because of the minimal hardship imposed on the government and the considerable harms that may be avoided by conducting a "mini-hearing," this Court should hold a *James* hearing before trial

In the alternative, this Court could order the government to follow the "middle course," an approach that "requires the government to make a preliminary showing or summary of its evidence establishing the predicate facts." *United States v. Joyce*, 2017 WL 895563 at *5 (N.D. Cal.).[7] The "middle course" taken in *Joyce* required the government to disclose the following information along with a list of the alleged coconspirator statements to be introduced at trial:

(1) The identity of the testifying witness and/or the source of the conspirator statement;

---

[7] *See also United States v. Cox*, 923 F.2d 519, 526 (7th Cir. 1991) (the "preferable procedure would be to at least require the government to preview the evidence which it believes brings the statements within the coconspirator rule before delving into the evidence at trial").

(2) A statement describing the witness and/or the source of the conspirator statement;

(3) A summary of the evidence showing that the proffering witness, if a coconspirator, knew about and participated in the conspiracy;

(4) The *specific* coconspirator statements to be introduced via that witness and/or the source of the conspirator statement;

(5) The identity of the declarant or *each* specific coconspirator statement; and

(6) A summary of the evidence showing that each declarant of the coconspirator statement(s) knew about and participated in the conspiracy.

*Id*. at *6 (emphasis added).

In addition, the government was required to "provide particulars of when the proffered statement was made, to establish that it was made during the relevant period [during the conspiracy]." *Id*.

Should this Court believe that a *James* hearing is not required, this Court should adopt the procedures outlined by the court in *Joyce*. Because the government knows which coconspirator statements it seeks to introduce and which of the four alleged conspiracy the coconspirator statements support, pretrial disclosure imposes no significant burden and prevents the potential prejudice that could result from the erroneous admission of coconspirator statements.

DATED this 3rd day of June 2026.

SPENCER FANE LLP

*/s/ Richard A. Van Wagoner*
Richard A. Van Wagoner
Nathan A. Crane
 *Attorneys for Defendant*

MASSEY BEAN AND LEWIS

*/s/ Matt Lewis*
Matt Lewis (signed with permission via email
on 6/2/26 by filing attorney)
 Attorney for Michael Mains

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **DEFENDANTS'**

**JOINT MOTION FOR JAMES HEARING** was served upon Plaintiff by submission

of the document for electronic filing on June 3, 2026:

> Carl D. LeSueur
> Brent L. Andrus
> Assistant United States Attorney
> 111 S. Main Street, Ste. 1800
> Salt Lake City, UT 84111
> 801-524-5682
> Carl.lesueur@usdoj.gov
> Brent.Andrus@usdoj.gov
> *Attorney for Plaintiff*

> /s/ Megan Neff
> Legal Assistant

4812-5308-7597, v. 1

8