MELISSA HOLYOAK, United States Attorney (#9832)
CARL D. LESUEUR, Assistant United States Attorney (#16087)
BRENT L. ANDRUS, Assistant United States Attorney (NY 5143474)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
(801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>AARON A. WAGNER, and MICHAEL MAINS,<br><br>Defendants. | Case No. 2:24-cr-357<br><br>**UNITED STATES' MOTION IN LIMINE TO ADMIT EVIDENCE OF WAGNER'S OTHER FALSE STATEMENTS TO LENDERS** |

Defendant Wagner is charged with presenting falsified invoices to Central Bank in order to obtain construction loan advances. He's also charged with conspiring to conceal the origin of illicit proceeds. The United States moves to admit evidence that – when applying for loans for the Shoeman Lane Property, the Scottsdale house, the Missoulian property, the Pleasant Grove retail property, and the Lehi office property[1] – Wagner falsely represented his assets to prospective lenders. Among these false representations are claims that (i) he had purchased assets with his own money, rather than restaurant investors' funds; (ii) the funds in restaurant business accounts were his own, rather than business funds from investors; (iii) he owned various

---

[1] The acquisition or improvement of each of these properties was fund in part by funds from investors in the restaurant businesses that are subject of Counts 1 to 4 of the Superseding Indictment.

1

valuable vehicles, which he later denied owning in his divorce.[2] This evidence is intrinsic evidence of the money laundering conspiracy (Counts 3 and 4), which is in turn intrinsic evidence of the remaining Counts as set forth in a separate motion. In the alternative, however, the evidence is admissible under Rule 404(b). Because there is a pending motion to sever, the United States provides analysis to each group of counts.

### **Legal Standards**

Evidence of other wrongs or acts is generally admissible for the purposes of proving intent, knowledge, lack of accident, or absence of mistake. Fed. R. Evid. Rule 404(b). The Tenth Circuit requires consideration of four factors in weighing the admissibility of evidence under Rule 404(b): (1) whether the evidence is offered for a proper purpose, (2) its relevancy, (3) that the probative value of the evidence is not substantially outweighed by its prejudicial effect, and (4) a limiting instruction is given if the defendant so requests. *United States v. Mares*, 441 F.3d 1152, 1156 (10th Cir. 2006) *citing Huddleston v. United States*, 485 U.S. 681 (1988). The other crimes or acts may occur before or after the charged offense. *Mares*, 441 F. 3d at 1156. Evidence of other acts "is particularly relevant when a defendant's intent is at issue." *Id.* To be relevant, the other conduct must share similarity with the charged crime, such as "defendant's indulging himself in the same state of mind." *Id.*

---

[2] The anticipated exhibits include: Ex. 71 (Wagner directing Michael Jinks, restaurant business financial officer, to send funds for the Missoulian); Ex. 104 (Wagner claiming to potential lender that he paid for Shoeman Lane "with my own money"); Ex. 120 at p. 14 (Wagner claiming to potential lender that Shoeman Lane property and Scottsdale residence – both purchased with investor funds – were 100% Wagner's); Ex. 121 (claiming to potential lender "My firm Wags Capital will be funding the down payment" for the Missoulian, when it was purchased with restaurant investor funds), Ex. 125 (providing lender list of Wagner's assets including a Ford Raptor, Chevelle Malibu, Cadillac Escalade, and Lincoln Continental). Also, the United States will introduce through testimony Wagner's prior statements that he never owned some of the assets he claimed to own in loan applications. Ex. D (excerpts of divorce deposition where Wagner denies owning the Raptor, Malibu, Escalade, Continental, or $16 million in cryptocurrency he claimed he owned in representations to lenders).

### *Applying Huddleston Factors to the Bank Fraud Counts (Counts 7 & 8)*

The Bank Fraud counts allege that Aaron Wagner defrauded Central Bank by presenting falsified invoices to obtain construction loan advances. These other false representations to lenders are offered for the proper purpose of establishing Wagner's intent, knowledge, lack of accident, absence of mistake, and modus operandi for the bank fraud alleged in Counts 7 and 8. Other incidents "make it more likely the charged offense was the product of design, rather than an accident." *United States v. Henthorn*, 864 F. 3d 1241, 1248, 1252 (10th Cir. 2017).[3] The evidence is relevant because it shows Wagner engaged in the same intent and purpose to secure money from the same bank through fraud, and against other banks. The false representations were also made relatively near in time, or at least repeatedly both before and after the Central Bank construction loan was issued. Assigning this evidence the maximum reasonable probative force and its minimum reasonable prejudicial value, as required, the risk of unfair prejudice[4] does not substantially outweigh its probative value. *See Henthorn,* 864 F. 3d at 1256. It does not lead the jury to find guilt on a basis "wholly apart" from their judgment on Wagner's guilt or innocence. Rather, it leads the jury to find that Wagner intended to deceive Central Bank, which is an element of the offense. No instruction has been requested, but the United States would not object to an appropriate limiting instruction.

### *Applying Huddleston Factors to Investor Fraud Conspiracy & Money Laundering Conspiracy Counts (Counts 1 to 4)*

The statements are offered for proper purposes as evidence of Wagner's and Mains's intent, knowledge, lack of accident, absence of mistake, and modus operandi for the money

---

[3] "The man who wins the lottery once is envied; the one who wins it twice is investigated." *Id.* at 1252 n. 8.
[4] *See United States v. Mares*, 441 F. 3d 1152, 1159 (10th Cir. 2006) ("While the evidence was 'prejudicial' to Mares in the sense that it rebutted her theory of defense, such is the nature of evidence establishing an element of the charged crimes.")

3

laundering conspiracy in Counts 3 and 4. They are relevant to those questions: one of the ways of proving the conspiracy is that Wagner and Mains intended to conceal the illicit nature, origin, or destination of the investor fraud proceeds. Wagner's claims to lenders that the funds were "his," rather than the investors is compelling evidence of that intent. The statements are not prejudicial, except in the sense that all evidence of guilt is prejudicial, which does not make it unfairly prejudicial. *Mares*, 441 F. 3d 1152, 1159 (10th Cir. 2006). No limiting instruction has been requested, but the United States would not object.

The statements concerning the Shoeman Lane property and the Belle are intrinsic evidence of efforts to conceal the illicit origin of the proceeds used to purchase those properties, asserting instead the money was Wagner's own. It wasn't. It was his restaurant investors'.

### *Applying Huddleston Factors to Fake Debt Conspiracy in Mains's Divorce (Counts 5 & 6)*

The statements are submitted for proper purposes of showing Wagner's intent, knowledge, lack of accident, absence of mistake, and modus operandi in the fraudulent debt conspiracy during Mains's divorce. The statements are relevant to demonstrate a consistent pattern of perpetrating fraud by claiming to own assets when it was to his benefit, but denying ownership when it was not. It shows Wagner engaging in the same state of mind and similar conduct. In Mains's divorce he claimed he owned $20 million in debt Mains owed him, but after Mains's divorce and during his own Wagner denied the debt was owed to him and claimed instead he owed Mains money. So too when he collected money from investors he told them it was for the build-out of the restaurants, but then he told financial institutions it was his own money he could use to purchase real estate assets. Similarly, he told financial institutions the vehicles were his, but denied ownership in divorce when ownership could lead to marital division.

4

Again, this evidence is unlikely to elicit an emotional response. It is likely to be prejudicial only in the sense that it tends to prove intent, lack of accident or mistake with respect to defrauding lenders, and a modus operandi for Aaron Wagner vis-à-vis the fake debt conspiracy. The United States believes a limiting instruction would be appropriate, unless Defendants object to a limiting instruction.

Respectfully submitted,

DATED: August 7, 2026.

MELISSA HOLYOAK
United States Attorney

*/s/Carl D. LeSueur*
CARL D. LESUEUR
BRENT L. ANDRUS
Assistant United States Attorneys

5