# 7323 E Shoeman Lane, Scottsdale AZ

| | |
|---|---|
| **From:** | Aaron Wagner <aaron@wagscapital.com> |
| **To:** | Frank Madia <frank@frankmadia.com> |
| **Date:** | Tue, 26 Oct 2021 19:10:00 -0600 |
| **Attachments:** | Elevations- Shoeman.pdf (350.34 kB); Elevations 2 .pdf (235.73 kB); Shoeman Plans -Old.pdf (472.98 kB); Settlement Statement on 7323 Shoeman Lane.pdf (637.74 kB); Scottsdale Collection Overview.pdf (21.83 MB) |

Frank,

I paid $4.5mm Cash with my own money. I would like a cash out REFI of at min $3.5mm and would pay 8% interest on this deal.

I can provide whatever is needed on this deal to move quickly.

See all the info below.

City of Scottsdale Planning & Development


7323 E Shoeman Ln – Property Information

    -PDF Plans & Elevations


This is the building in its current condition. I pulled the old plans and elevations, but I am tearing the roof off and taking it to almost 40ft, 2 stories and rooftop bar.


Also see the PDF of the Scottsdale collection Project attached. You can see the new Maya Hospitality Hotel being built right in front of my building and then the entire city Center project 1/2 a block to the west. This is a few Billion in Development.


This entire area is on absolute fire right now, RED HOT!


I cannot replace this location.


--
Aaron A Wagner, Founder

Website
@AaronWags



**This e-mail may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately. If this email is not returned as undeliverable it will be considered delivered as of the time stamp on this email**

EML-GOO-01-0071153

DocuSign Envelope ID: 1C638665-CA20-43C2-93E5-B7E09CED6666

Case 2:24-cr-00365 GRAND CANYON TITLE AGENCY, A DIVISION OF FNTA Page 2 of
3900 E. Camelback Rd. #320, Phoenix, AZ 85018

**Combined Settlement Statement**
**Estimated**

| | | | | |
|---|---|---|---|---|
| Escrow No: 75000572 - 075 SC4 | Close Date: 10/08/2021 | Proration Date: 10/08/2021 | Disbursement Date: 10/08/2021 | |

**Buyer(s)/Borrower(s):** Wagscap, LLC, a Utah limited liability company

**Seller(s):** Shoeman 3, LLC, an Arizona limited liability company
6263 N Scottsdale
#205
Scottsdale, AZ 85253

**Property:** 7323 E Shoeman Lane
Scottsdale, AZ 85251

**Brief Legal:**

| Seller Debit | Seller Credit | Description | Buyer Debit | Buyer Credit |
|---|---|---|---|---|
| | | **TOTAL CONSIDERATION:** | | |
| | 4,500,000.00 | Total Consideration | 4,500,000.00 | |
| | | Earnest Money Deposit | | 50,000.00 |
| | | Additional Earnest Money | | 50,000.00 |
| | | **ESCROW CHARGES:** | | |
| 1,659.50 | | Escrow Charge to Grand Canyon Title Agency, A division of FNTA | 1,659.50 | |
| | | **TITLE CHARGES:** | | |
| 6,202.00 | | ALTA Extended Owners Policy (6-17-06) for $4,500,000.00 to Grand Canyon Title Agency, A division of FNTA | 3,411.00 | |
| 75.00 | | Inspection Fee to Grand Canyon Title Agency, A division of FNTA | 75.00 | |
| | | **RECORDING FEES:** | | |
| 100.00 | | Recording Service Fee to Grand Canyon Title Agency, A division of FNTA | 100.00 | |
| | | **PRORATIONS AND ADJUSTMENTS:** | | |
| | 1,937.85 | 2021 Property Taxes from 10/8/2021 to 12/31/2021 based on the Annual amount of $8,420.40 | 1,937.85 | |
| | | **COMMISSIONS:** | | |
| 90,000.00 | | $90,000.00 (2% of $4,500,000.00) to OX Urban Properties | | |
| 90,000.00 | | $90,000.00 (2% of $4,500,000.00) to Western Retail Advisors | | |
| | | **PROPERTY TAXES** | | |
| 8,420.40 | | 2021 Property Taxes - in full to Maricopa County Treasurer | | |
| 196,456.90 | 4,501,937.85 | Sub Totals | 4,507,183.35 | 100,000.00 |
| 4,305,480.95 | | Proceeds Due Seller          Balance Due From Buyer | | 4,407,183.35 |
| 4,501,937.85 | 4,501,937.85 | Totals | 4,507,183.35 | 4,507,183.35 |

It is agreed by the undersigned that the foregoing statement may change if a change in the escrow closing occurs or if other unforeseen contingencies arise. In the event changes in the statement become necessary, you are nevertheless authorized to close this escrow. It is understood that we will receive a final statement of account if the above totals are changed.

**Buyer(s)/Borrower(s):**

Wagscap, LLC,
a Utah limited liability company

Dynamic Capital, LLC,
a Utah limited liability company,
member

BY: _Aaron Wagner_
Aaron Wagner, manager

**Seller(s):**

Shoeman 3, LLC,
an Arizona limited liability company

Endeavoring Property Holdings, LLC,
an Illinois limited liability company

By: _____
Scott Jackson, manager

**GRAND CANYON TITLE AGENCY, A DIVISION OF FNTA**

3900 E. Camelback Rd. #320, Phoenix, AZ 85018

**Combined Settlement Statement**
**Estimated**

**Escrow No:** 75000572 - 075 SC4    **Close Date:** 10/08/2021    **Proration Date:** 10/08/2021    **Disbursement Date:** 10/08/2021

**Settlement Agent:**

Grand Canyon Title Agency, A division of FNTA

_____

by Stephanie Carter

EML-GOO-01-0071155



**WIRE SAFE™** | Inquire before you wire!

GRAND CANYON
*A Division of FNTA*
TITLE AGENCY

3900 E. Camelback Rd. #250
Phoenix, AZ 85018
Phone:  (602) 474-5232
Fax:  (602) 865-1874

## WIRE ACCOUNT NOTIFICATION

**Customer(s):**        Wagscap, LLC, a Utah limited liability company

**Property Address:**    7323 E Shoeman Lane, Scottsdale, AZ 85251

**Project Reference:**

---

### PLEASE READ

**Please be advised that the wire instructions, listed below, are the only wire instructions we will send you.**
***THESE WIRE INSTRUCTIONS WILL NOT CHANGE.***
**If you receive ANY communications attempting to change these instructions, immediately call
us at .**
**Always verbally verify wire instructions with us before initiating a wire transfer.**
**ACH Electronic Transfers will NOT be accepted.  ACH will be rejected and returned.**

---

| | |
|---|---|
| **BANK NAME:** | ZB, NA dba National Bank of Arizona |
| **BANK ADDRESS:** | 6001 N 24th Street, Phoenix, AZ 85016 |
| **ABA NUMBER:** | 122105320 |
| **ACCOUNT NAME:** | Grand Canyon Title Agency, A division of FNTA |
| **ACCOUNT NUMBER:** | 5791392003 |
| **SWIFT CODE:** | ZFNBUS55 |
| **ESCROW NUMBER:** | 75000572-075-SC4 |
| **EMPLOYEE TO NOTIFY:** | Stephanie Carter |
| **EMPLOYEE PHONE NUMBER:** | (602) 474-5232 |

**If you have any questions, contact the Employee listed above.**

*TM and © Fidelity National Financial, Inc. and/or an affiliate. All rights reserved*

EML-GOO-01-0071156



3900 E. Camelback Rd. #250
Phoenix, AZ 85018
Phone: (602) 474-5232
Fax: (602) 865-1874

## TERMS AND CONDITIONS OF ESCROW

**To:** Grand Canyon Title Agency, A division of FNTA
3900 E. Camelback Rd. #250
Phoenix, AZ 85018

**Date:** September 27, 2021
**Escrow No.:** 75000572-075-SC4
**Property Address:** 7323 E Shoeman Lane
Scottsdale, AZ 85251
**Escrow Officer:** Stephanie Carter

1. **EMPLOYMENT OF ESCROW AGENT.** Buyer and Seller agree to employ Grand Canyon Title Agency, A division of FNTA to act as Escrow Agent in handling the above-referenced escrow. Escrow Agent will not be bound by or obligated to act upon any instruction, demand or notice unless it is in a writing signed by the party or the party's agent delivering such instruction, demand or notice.

2. **DEPOSIT OF DOCUMENTS & FUNDS.** Buyer and Seller agree to pay all costs incurred by Escrow Agent in handling the escrow and to deposit into escrow all documents and funds, and do all other things, necessary to complete the transaction that is the subject of the escrow and to enable Escrow Agent to record or deliver these documents. In addition, Buyer and Seller agree to immediately deposit with or refund to Escrow Agent all funds requested by Escrow Agent after close of escrow to pay any amounts that may be required by any taxing authority or any lender that holds or will hold, at close of escrow, a mortgage or deed of trust encumbering the property. If any check given by or on behalf of Buyer is subsequently dishonored, Seller agrees to refund any remittance made to Seller by Escrow Agent. All funds will be in the form of United States dollars. Escrow Agent is instructed to deposit all funds in a non-interest bearing general escrow account in one or more financial institutions doing business in Arizona and whose deposits are federally-insured. Any federal regulatory agency that insures deposits of financial institutions will consolidate the money deposited under this escrow with all other funds of Escrow Agent that are on deposit with the financial institution. Buyer and Seller release Escrow Agent from any liability and assume all responsibility for any loss that may result from a lack of insurance coverage by the federal regulatory agency.

   Buyer and Seller acknowledge that the maintenance of escrow accounts with some depository institutions may result in Escrow Agent or its affiliates being provided with an array of bank services, accommodations or other benefits by the depository institution. Escrow Agent or its affiliates also may elect to enter into other business transactions with or obtain loans for investment or other purposes from the depository institution. All such services, accommodations and other benefits accrue to Escrow Agent or its affiliates, and Escrow Agent or its affiliates have no obligation to account to Buyer or Seller for the value of such services, accommodations or other benefits.

3. **DISBURSEMENT & RECORDING.** Buyer and Seller instruct Escrow Agent to pay from funds deposited into escrow all amounts necessary to procure documents and all other charges or obligations necessary to consummate this transaction, in accordance with these instructions and the Settlement Statement. Escrow Agent is authorized to act upon any statement furnished to Escrow Agent by a lien holder or its agent, without liability or responsibility for the accuracy of the statement. When these instructions have been complied with and the insurer is willing to issue the requested title insurance policy and when Escrow Agent's fees and charges have been paid, Buyer and Seller instruct Escrow Agent to file, deliver, or record all documents. In addition, Buyer and Seller authorize escrow Agent to execute and record on their behalf an Affidavit of Real Property Value, using the total consideration for the established value, unless instructed by the Buyer and Seller to the contrary. Disbursement of funds may be in the form of Escrow Agent's check.

4. **CLEARANCE OF FUNDS BY ESCROW AGENT.** Escrow Agent is not liable for any loss or impairment of funds while those funds are in the course of collection or while those funds are on deposit in a financial institution if such loss or impairment results from the failure, insolvency or suspension of such financial

EML-GOO-01-0071157

institution. Notwithstanding any provisions of applicable law, and in Escrow Agent's sole discretion, Escrow Agent is not obligated to disburse any funds represented by check or draft until Escrow Agent is advised by the financial institution in which the check or draft is deposited that such check or draft has been honored.

5.  **PRORATIONS & ADJUSTMENTS.** The proration date shall be close of escrow. Prorations will be calculated on the basis of a 30-day month. All items to be prorated will have been submitted to Escrow Agent prior to close of escrow and Buyer and Seller agree to hold Escrow Agent harmless as to any items or information not submitted to escrow for proration calculation. Real estate taxes are prorated on the basis of the current year if the taxes for the current year are available on the business day preceding the close of escrow through the real estate tax reporting service used by Escrow Agent or if the parties have delivered to Escrow Agent on or before the business day preceding the close of escrow a copy of the current tax bill issued by the county Treasurer. Escrow Agent is not liable or responsible for making an adjustment in the escrow settlement if the taxing authority, after the close of escrow, determines that additional taxes are due.

6.  **INSURANCE OTHER THAN TITLE.** Escrow Agent has no responsibility to procure, renew, or otherwise keep in force any flood insurance or other policies of insurance. Buyer and Seller are responsible to pay premiums; maintain insurance in full force and effect; renew, transfer, assign or properly endorse policies of insurance; cancel or terminate policies; and determine that the types and amounts of insurance coverage are appropriate or sufficient. Escrow Agent may rely on the insurance information furnished by Buyer or Seller or their agents, and is not liable for any inaccuracy of such information and is not obligated to inquire into the accuracy or sufficiency of such information.

7.  **INDEMNITY.** Buyer and Seller will pay all costs, damages, attorneys' fees (including, without limitation, costs for services of in-house counsel), costs, expenses and liabilities that Escrow Agent may incur or sustain in connection with these instructions, the escrow or any court action or dispute resolution procedure arising from these instructions or the escrow, including without limitation any legal action to enforce collection of its fees, costs or charges, unless caused by the bad faith, willful misconduct or gross negligence of Escrow Agent.

8.  **ESCROW AGENT'S LIEN.** Buyer and Seller grant Escrow Agent a lien on all property and funds deposited into escrow. Buyer and Seller authorize Escrow Agent to reimburse itself from property or funds deposited into escrow for its fees, charges and all damages or expenses it may incur in connection with the escrow and the performance of Escrow Agent's duties, including without limitations costs, damages and attorneys' fees.

9.  **PROFESSIONAL ADVICE.** Buyer and Seller acknowledge that Escrow Agent has not given and will not be requested or expected to give financial, tax, or legal advice; to give advice as to the type or form of any instrument to be used in connection with this escrow; to review any documents deposited into escrow to determine their legality or sufficiency; to explain the meaning or legal consequences of any document; to make any inquiry of any nature concerning the financial condition of any party or entity; to opine as to the value or condition of the real or personal property; to assist in negotiating or structuring of the transaction; to verify square footage; or to determine possessory rights. As a convenience for Buyer and Seller, Escrow Agent may make available certain standard forms of instruments that are commonly used in Arizona but does not, and will not, recommend or select a particular form and will not complete, fill in or alter any form unless specifically instructed to do so by the parties, their attorneys, representatives or agents, who will designate the specific information to be inserted on the form or other specific source of such information.

10. **EXCLUDED MATTERS.** Unless agreed to specifically in writing by Escrow Agent, Escrow Agent will not investigate and assumes no liability for unrecorded liens, including without limitation mechanics' liens; proposed improvement district liens or assessments; homeowner's association liens; personal property taxes or transfer of personal property; utility charges or deposits; boundary lines or location or condition of improvements; square footage; possessory rights, including without limitation delivery of possession; transfer of utilities; compliance with limitations on the use of property, including without limitation building or zoning ordinances or restrictions; taxes or assessments that are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property as of the closing of this escrow or which were not disclosed to Escrow Agent; reservations or exceptions in patents; transfers or filings of water rights or water rights applications; treatment or investigation of wood infestation; usury in any loan involved in the escrow; the availability of or charges for water, power, or waste collection;

EML-GOO-01-0071158

compliance with or violation of any environmental law; the legal or tax consequences of vesting; and the sufficiency or correctness as to form or manner of execution of any document deposited by the Buyer or Seller, their agents or any lender , or the identity, authority or right of any person executing documents.

11. **RESIGNATION.** Escrow Agent may resign upon written notice to Buyer and Seller. If Escrow Agent resigns, all funds, less Escrow Agent's charges, and all documents held by Escrow Agent will be returned to the party that deposited them into escrow and Escrow Agent will have no liability under these instructions.

12. **JURISDICTION, VENUE, CHOICE OF LAW.** Any litigation or arbitration arising out of this escrow that involves Escrow Agent will be filed and maintained in the county in which the real property that is the subject of this escrow is located. The prevailing party or parties in any litigation or arbitration proceeding including Escrow Agent will be awarded, in addition to any other available remedy, all expenses, fees and costs, including expert witness fees, and all reasonable attorneys' fees incurred by the prevailing party or parties. The award of costs, fees, expenses, and attorneys' fees will be determined by the court or arbitrator, and not by a jury. Arizona law will govern all of the terms and provisions of these instructions and the escrow.

13. **NOTICE.** Buyer and Seller agree that all notices delivered to any party or to Escrow Agent in accordance with the contract between Buyer and Seller will be delivered to all parties and to Escrow Agent to constitute effective notice under the contract.

14. **CANCELLATION.** Except as otherwise provided in these instructions, any party who wishes to cancel these instructions because of any material breach by another party, and who is not in material breach except as occasioned by a material breach by the other party, may cancel these instructions by delivering written notice of cancellation to both the breaching party and to the Escrow Agent stating the nature of the breach. Cancellation will become effective immediately upon delivery of the written notice of cancellation to both the breaching party and the Escrow Agent. In the event of a dispute between Seller and Buyer regarding earnest money deposited in escrow, Seller and Buyer authorize Escrow Agent to release the earnest money pursuant to the terms and conditions of these instructions. Seller and Buyer specifically authorize Escrow Agent to act in its sole and absolute discretion in the release of earnest money. Seller and Buyer agree to hold harmless and indemnify Escrow Agent against any claim, action or lawsuit of any kind and from any loss, judgment, or expense. including costs and attorneys' fees, arising from or relating in any way to the release of earnest money. Notwithstanding any other provision in these instructions. Escrow Agent may at its election and in its sole discretion in the event of any conflicting demands made upon it concerning these instructions or this escrow, hold any money and documents deposited in escrow until it receives mutual instructions by all parties or until a civil action has been concluded in a court of competent jurisdiction determining the rights of the parties, In the alternative. Escrow Agent may at any time at its discretion commence a civil action to interplead any conflicting demands to a court of competent jurisdiction and will be entitled to deduct its costs and attorneys' fees from funds deposited in connection this interpleader action.

15. **FAILURE OF PARTIES TO ACT.** If Escrow Agent is presented with conflicting demands as to any funds or documents on deposit when the escrow is cancelled by either of the parties and the parties cannot agree as to their disposition and no legal action to resolve the conflict has been commenced within one year from the date Escrow Agent notified the parties of the conflicting demands, Escrow Agent will return without further notice the funds and the documents to the party who deposited them, after deducting all charges. Escrow Agent will have no further duty or liability in connection with the funds, the documents or the escrow. If the parties have taken no action within 6 months after the date set to close escrow, as extended from time to time in writing, Escrow Agent may at its discretion terminate the escrow and return all documents and funds to the parties who deposited them or for whose benefit or credit they were deposited.

16. **NOTICE OF ABANDONED OR DORMANT FUNDS CUSTODIAL FEE.** This rate shall apply when funds are remaining in an escrow account, account servicing or trust account due to a payee's failure to negotiate a check provided as payment or fails to claim the funds belonging to them that remain in the account. There shall be a minimum charge of One Hundred Twenty And No/100 Dollars ($120.00), which shall be considered earned when (a) funds remaining in an escrow have not been claimed for a period of One Hundred Eighty (180) days from the time the funds became available or (b) when a check remains un-cashed for a period of ninety (90) days after date of issuance. Fees as incurred shall be deducted from the amount held prior to disbursement and until such time as any remaining funds are escheated to the

EML-GOO-01-0071159

state pursuant to ARS Title 44, Chapter 3, Article 1. In the event the amount of the fee(s) incurred is/are more than the amount of funds held in escrow, then the amount of the funds remaining in the file shall be considered payment in full of the fees due

17. **REAL ESTATE COMMISSIONS.** Upon cancellation of these instructions. If commissions are claimed to be due from Seller or Buyer to any licensed Real Estate Broker, and if the Broker has deposited in escrow a written commission agreement or commission authorization executed by a party to this escrow, Escrow Agent is authorized to disburse funds in accordance with the agreement or authorization. The party obligated to pay the commission will not acquiesce in or agree to any mutual cancellation of these instructions without the written approval of the Real Estate Broker.

18. **INSPECTIONS, CONTINGENCIES, CONDITIONS, AND REPAIRS.** Buyer and Seller agree that all inspections, contingencies, conditions, or repairs, if any, will have been met, satisfied, or waived prior to close of escrow, and paid for directly outside of escrow. Buyer and Seller agree to indemnify and hold Escrow Agent harmless from any liability whatsoever regarding inspections or repairs, or any payment or performance to be handled outside of escrow.

19. **APPROVALS.** Buyer and Seller understand and agree that upon signing Escrow Agents Settlement Statement deems their approval thereof and acknowledges to the best of their knowledge and belief that it is a true and accurate statement of all authorized receipts and disbursements made on their account or by them in connection with this escrow

20. **ALLOCATION OF FEES.** If Buyer and Seller agree that any fees are to be allocated in the usual or customary manner, or if Buyer and Seller do not provide for how fees will be allocated, Buyer and Seller acknowledge that the fees will be paid one-half by Buyer and one-half by Seller. In addition, a party that requests or benefits from additional services, including but not limited to overnight delivery, courier services, wiring charges, e-mail document fees, payoff tracking fees, or signing fees, will pay for such services if and as incurred. If Buyer is obtaining a new VA loan, Seller will pay the entire escrow fee.

21. **COMPLIANCE WITH LAW.** Seller represents and warrants to Escrow Agent that Seller has complied with all applicable federal, state, and local laws and regulations relating to the subdivision, lot split, or sale of real property and will pay all costs, damages, attorneys' fees, expenses and liabilities that Escrow Agent may incur or sustain in connection with any breach by Seller of this representation and warranty.

22. **COPIES TO REAL ESTATE AGENTS OR LENDERS.** Escrow Agent is authorized to furnish copies of any documents or papers to the parties' designated real estate agents or lenders. The parties designate their real estate agents as their duly-authorized agents for the purpose of accepting on their behalf documents or notices intended for delivery to the parties.

23. **NOTICE OF CLOSING PROTECTION.** Pursuant to ARS §6-841.02, Buyers and Sellers of a residential dwelling are hereby notified that the title insurer shall offer on request a Closing Protection Letter that provides protection for the loss of escrow monies due to fraud or dishonesty of the escrow agent. For purposes of this notice, "residential dwelling" means an owner occupied structure or an investment property that is designed for residential use by four or fewer families. If you are involved in a real estate transaction in which one or more policies of title insurance insuring the title to the property you are buying is being issued to your mortgage lender for which that mortgage lender requested a Closing Protection Letter, you as the Buyer/Borrower will automatically receive the benefit of the Closing Protection Letter issued to said mortgage lender. If you are the Seller, the Closing Protection Letter issued to the Buyer/Borrower's mortgage lender does not provide the benefit of its terms to you. If the transaction in which you are involved is a cash transaction and no lender is involved, no Closing Protection Letter will be issued unless you specifically request it.

A Closing Protection letter offers reimbursement for loss in connection with misappropriation of closing funds and noncompliance with written closing instructions. A Closing Protection Letter may be issued to protect you, the charge for this coverage is $25.00 per letter issued in connection with a real estate closing in which one or more of the Company's title insurance policies are being issued.

You may obtain a Closing Protection Letter if you request it at this time.

If you are uncertain as to whether you should obtain a Closing Protection Letter, you are urged to seek independent advice.

EML-GOO-01-0071160

24. **NOTICE OF PURCHASER DWELLING ACTION.** Pursuant to A.R.S. §12-1363(L), Escrow Agent hereby gives Buyer notice of the provisions of A.R.S. §12-1361, 12-1362 and 12-1363 regarding "Purchaser Dwelling Actions." Buyer is advised to consult with Buyer's own advisors regarding these statutes. Escrow Agent makes no representations regarding the applicability or effect of these statutes. Copies of the Statutes are available at http://www.azleg.state.az.us/ArizonaRevisedStatutes.asp.

25. **NOTICE OF RIGHT TO EARN INTEREST.** Pursuant to ARS §6-834(D), notice is hereby given of the right to earn interest on escrowed funds. An interest bearing account may be opened on your behalf, as follows:

    1. You must ask your Escrow Agent to set-up an interest bearing account on your behalf.

    2. You agree to pay the escrow service charge in the amount of $50.00 for establishing such an account.

    3. To establish an interest bearing account, ask for an "Interest Bearing Account Authorization". You may also be asked to complete an IRS Form W9 and/or provide your U.S. Taxpayer Identification Number as may be required by the depository to establish such an account. Any forms requested must be completed and returned to your Escrow Agent before such account can be opened with the depository.

    4. You may contact your Escrow Agent at Grand Canyon Title Agency, A division of FNTA, 3900 E. Camelback Rd. #250, Phoenix, AZ 85018, Phone or Fax .

    As an example, the estimated amount of interest you may earn on a deposit of $1,000 for a 30 day period at an estimated savings account interest rate of 2% per annum is $1.67. Interest earned is dependent upon the amount of the deposit, the time of deposit and prevailing interest rate at the time.

26. **NOTICE OF UNINSURED MONIES**. Pursuant to A.R.S. §6-841.03. Notice is hereby given that the monies deposited into an escrow account are not insured against loss from fraud or theft by the State of Arizona or the United States government.

27. **CERTIFICATION.** Buyer and Seller have read and understand these instructions and agree that all instruments bearing their signature or bestowing a benefit upon them throughout the course of the escrow, including without limitation any promissory note in their favor, and agree and understand that their signatures or the bestowal of a benefit or duty signify their approval of the contents of these instructions and any such instruments. Buyer and Seller acknowledge that they have been advised of their right to seek independent advice before signing these instructions and any instruments and documents that have been presented or will be presented during the course of the escrow that they were given the opportunity to ask questions of the Escrow Officer about these instructions and the Settlement Statement. Buyer and Seller understand that Escrow Agent is relying upon this certification in closing the escrow, and agree that Escrow Agent will continue to act pursuant to these instructions until served with a written notice of cancellation of these instructions, signed by both Buyer and Seller.

28. **AGREEMENT OF CO-OPERATION (UNJUST ENRICHMENT).** In the event that any party to this escrow receives funds or is credited with funds that they are not entitled to, for whatever reason, they agree, upon written demand, to return said funds to the proper party entitled or to the escrow for disbursement. In the event that suit is brought to enforce the return of said funds, the parties agree to reimburse the prevailing party their reasonable attorney fees.

29. **NON-RESIDENT ALIEN.** The Foreign Investment in Real Property Tax Act (FIRPTA), Title 26 U.S.C., Section 1445, and the regulations there under, provide in part, that a transferee (buyer) of a U.S. real property interest from a foreign person must withhold a statutory percentage of the amount realized on the disposition, report the transaction and remit the withholding to the Internal Revenue Service (IRS) within twenty (20) days after the transfer. Grand Canyon Title Agency, A division of FNTA will not determine nor aid in the determination of whether the FIRPTA withholding provisions are applicable to the subject transaction, nor act as a Qualified Substitute under state or federal law, nor furnish tax advice to any party to the transaction. Grand Canyon Title Agency, A division of FNTA will not determine nor aid in the determination of whether the transaction will qualify for an exception or an exemption and is not responsible for the filing of any tax forms with the IRS as they relate to FIRPTA, nor responsible for collecting and holding of any documentation from the buyer or seller on the buyer's behalf for the purpose of supporting a claim of an exception or exemption. Grand Canyon Title Agency, A division of FNTA is not an agent for the buyer for the purposes of receiving and analyzing any evidence or documentation that

EML-GOO-01-0071161

the seller in the subject transaction is a U.S. citizen or resident alien. Grand Canyon Title Agency, A division of FNTA is not responsible for the payment of this tax and/or penalty and/or interest incurred in connection therewith and such taxes are not a matter covered by the Owner's Policy of Title Insurance to be issued to the buyer.Grand Canyon Title Agency, A division of FNTA is not responsible for the completion of any IRS documents or related forms related to the referenced statute. The buyer is advised: they must independently make a determination of whether the contemplated transaction is subject to the withholding requirement; bear full responsibility for compliance with the withholding requirement if applicable and/or for payment of any tax, interest, penalties and/or other expenses that may be due on the subject transaction; and they are responsible for the completion of any and all forms, including but not limited to applicable IRS documentation, and the mailing of those forms. The Buyer is advised any forms, documents, or information received from Grand Canyon Title Agency, A division of FNTA is not tax or legal advice and should not be construed as such nor treated as a complete representation of FIRPTA requirements. Buyer should seek outside counsel from a qualified individual to determine any and all implications of the referenced statute.

**SELLER(S):**

**BUYER(S):**

**Shoeman 3, LLC,**
**an Arizona limited liability company**

**Wagscap, LLC,**
**a Utah limited liability company**

**Endeavoring Property Holdings, LLC,**
**an Illinois limited liability company**

**Dynamic Capital, LLC,**
**a Utah limited liability company,**
**member** DocuSigned by:

*Aaron Wagner*

By: _____

BY: _____
CACB7FCEDAFF482...

**Scott Jackson, manager**

**Aaron Wagner, manager**

10/8/2021

_____
Date

_____
Date

EML-GOO-01-0071162

## AFFIDAVIT OF PROPERTY VALUE

**1. ASSESSOR'S PARCEL IDENTIFICATION NUMBER(S)**

Primary Parcel: **173-41-262**

BOOK    MAP    PARCEL    SPLIT

Does this sale include any parcels that are being split / divided?
Check one:    Yes ☐    No ☑

How many parcels, <u>other</u> than the Primary Parcel, are included in this sale? __0__

Please list the additional parcels below (attach list if necessary):

(1) _____ (2) _____

(3) _____ (4) _____

**2. SELLER'S NAME AND ADDRESS:**

Shoeman 3, LLC, an Arizona limited liability company

6263 N Scottsdale, #205

Scottsdale, AZ 85253

**3. (a) BUYER'S NAME AND ADDRESS:**

Wagscap, LLC, a Utah limited liability company

_____

_____

(b) Are the Buyer and Seller related?    Yes ☐    No ☑
If Yes, state relationship: _____

**4. ADDRESS OF PROPERTY:**

7323 E Shoeman Lane

Scottsdale, AZ 85251

**5. (a) MAIL TAX BILL TO:** (Taxes due even if no bill received)

Wagscap, LLC, a Utah limited liability company

_____

_____

(b) Next tax payment due 10/2021

**6. PROPERTY TYPE** (for Primary Parcel): NOTE: Check Only One Box

a. ☐ Vacant Land
b. ☐ Single Family Residence
c. ☐ Condo or Townhouse
d. ☐ 2-4 Plex
e. ☐ Apartment Building
f. ☑ Commercial or Industrial Use
g. ☐ Agricultural
h. ☐ Mobile or Manufactured Home
  ☐ Affixed    ☐ Not Affixed
i. ☐ Other Use; Specify: _____

**7. RESIDENTIAL BUYER'S USE:** If you checked **b, c, d** or **h** in Item 6 above, please check one of the following:

a. ☐ To be used as a primary residence.
b. ☐ To be rented to someone other than a **"qualified family member."**
c. ☐ To be used as a non-primary or secondary residence.

**See reverse side for definition of a "primary residence, secondary residence" and "family member."**

**8.** If you checked **e** or **f** in Item 6 above, indicate the number of units: **6**
For Apartments, Motels / Hotels, Mobile Home / RV Parks, etc.

---

**FOR RECORDER'S USE ONLY**

**9. TYPE OF DEED OR INSTRUMENT** (Check Only One Box):

a. ☑ Warranty Deed
b. ☐ Special Warranty Deed
c. ☐ Joint Tenancy Deed
d. ☐ Contract or Agreement
e. ☐ Quit Claim Deed
f. ☐ Other: _____

**10. SALE PRICE:** $ **4,500,000.00**

**11. DATE OF SALE** (Numeric Digits): __09__ /__2021__
Month / Year

**12. DOWN PAYMENT** $ **4,500,000.00**

**13. METHOD OF FINANCING:**

a. ☑ Cash (100% of Sale Price)
b. ☐ Barter or trade
c. ☐ Assumption of existing loan(s)
d. ☐ Seller Loan (Carryback)
e. ☐ New loan(s) from financial institution:
  (1) ☐ Conventional
  (2) ☐ VA
  (3) ☐ FHA
f. ☐ Other financing; Specify: _____

**14. PERSONAL PROPERTY** (see reverse side for definition):

(a) Did the Sale Price in Item 10 include Personal Property that impacted the Sale Price by 5 percent or more? Yes ☐    No ☑

(b) If Yes, provide the dollar amount of the Personal Property:
$ _____ **00** AND
briefly describe the Personal Property: _____

**15. PARTIAL INTEREST:** If only a partial ownership interest is being sold, briefly describe the partial interest: N/A

**16. SOLAR / ENERGY EFFICIENT COMPONENTS:**

(a) Did the Sale price in Item 10 include solar energy devises, energy efficient building components, renewable energy equipment or combined heat and power systems that impacted the Sale Price by 5 percent or more?    Yes ☐    No ☑
If Yes, briefly describe the solar / energy efficient components:
_____
_____

**17. PARTY COMPLETING AFFIDAVIT** (Name, Address, Phone Number):
Parties Herein
_____
_____

**18. LEGAL DESCRIPTION** (attach copy if necessary):
**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.**

---

THE UNDERSIGNED BEING DULY SWORN, ON OATH, SAYS THAT THE FOREGOING INFORMATION IS A TRUE AND CORRECT STATEMENT OF THE FACTS PERTAINING TO THE TRANSFER OF THE ABOVE DESCRIBED PROPERTY.

_____
Signature of Seller / Agent

State of _____, County of _____

Subscribed and sworn to before me on this ___day of_____ 20__

Notary Public _____

Notary Expiration Date _____

_____
Signature of Buyer / Agent

State of _____, County of _____

Subscribed and sworn to before me on this ___day of_____ 20__

Notary Public _____

Notary Expiration Date _____

---

DOR FORM 82162 (02/2019)

SFRM0135 (DSI Rev. 01/24/20)

EML-GOO-01-0071163

DocuSign Envelope ID: 1C638665-CA20-43C2-93E5-B7E09CED6666

Escrow No. 75000572-075-SC4
*Affidavit of Property Value…Continued*
Page 1

## EXHIBIT "A"
## Legal Description

PARCEL NO. 1:

Lot 68 and the East 1.00 foot of Lot 69, of CAMELBACK PARK PLAZA, according to Book 86 of Maps, page 13, records of Maricopa County, Arizona.

PARCEL NO. 2:

Lot 69 and the East 14.00 feet of Lot 70, of CAMELBACK PARK PLAZA, according to Book 86 of Maps, page 13, records of Maricopa County, Arizona;

EXCEPT the East 1.00 foot of Lot 69.

PARCEL NO. 3:

That portion of the Abandoned Alley lying South of and adjacent to Lots 68, 60 and the East 14.00 feet of Lot 70, of CAMELBACK PARK PLAZA, according to Book 86 of Maps, page 13, records of Maricopa County, Arizona, as abandoned by City of Scottsdale Resolution No. 3207, in Recording No. 89-407767, records of Maricopa County, Arizona.

PARCEL NO. 4:

A non-exclusive easement for (I) Ingress and Egress over and upon the Common Areas, Driveways, Entrances and Exits, and (II) Reciprocal Parking in Common Parking Areas, all set forth and according to the terms contained in Mutual Easements Agreement recorded in Docket 10120, page 471, records of Maricopa County, Arizona.

PARCEL NO. 5:

A non-exclusive easement over and upon the easement property for Maintenance, Repair, Replacement and/or Enhancement of the Roof Overhang from existing building improvements, trash receptacle and bush as set forth in Easement Agreement in Recording No. 90-398939, records of Maricopa County, Arizona.

PARCEL NO. 6:

An exclusive easement for Parking Purposes consisting of 12 parking spaces as set forth and according to the terms contained in the Amended and Restated Exclusive Parking Easement in Recording No. 91-098756, records of Maricopa County, Arizona.

EML-GOO-01-0071164

## Instruction to Complete Affidavit of Property Value

Re: Escrow No. **75000572**

**The undersigned hereby authorizes and instructs Escrow Agent to complete sections 3b, 5 and 7 of the Affidavit of Property Value as follows:**

**Section 3b:**

Are the Buyer and Seller related?    Yes _____        No _____

If Yes, state relationship: _____

**Section 5:**

Mail tax bill to:
4421 N Thanksgiving Way, Ste 101
_____
Lehi, UT 84043
_____

**Section 7:**

Residential buyer's use:

_____ To be used as a primary residence

_____ To be used as a vacation home or secondary residence

_____ To be rented to someone other than "family member."

**Section 16:**

**Solar / Energy Efficient Components:**

Did the Sale price in item 10 include solar energy devises, energy efficient building components, renewable energy equipment

or combined heat and power systems that impacted the Sale Price by 5 percent or more?

Yes _____        No _____

**If yes, briefly describe the solar / energy efficient components:**

_____

_____

**I / We have reviewed this information above and to the best of our knowledge the information above is true and accurate.  Grand Canyon Title Agency, Inc. is hereby relieved of any liability and/or responsibility in connection with the above.**

**Wagscap, LLC,**
**a Utah limited liability company**

**Dynamic Capital, LLC,**
**a Utah limited liability company,**
**member**

DocuSigned by:
*Aaron Wagner*

**BY:** _____
CACB7ECEDAEE482
     **Aaron Wagner, manager**

EML-GOO-01-0071165

# COMMITMENT APPROVAL

TO:   Grand Canyon Title Agency, A division of FNTA
      3900 E. Camelback Rd. #250
      Phoenix, AZ 85018

Date:  September 27, 2021
Escrow No:  75000572-075-SC4
Buyer:   Wagscap, LLC, a Utah limited liability
         company
Property Address:
7323 E Shoeman Lane
Scottsdale, AZ 85251

I have read the commitment dated September 16, 2021 covering the property described in your above escrow, and approve the Policy of Title Insurance to be issued to me as required by my instructions to include as exceptions therein Item No. 1 thru 19 of said report, in addition to those specific items described in my escrow instructions or created by me.

I hereby acknowledge receipt of copy of said Commitment, CCR's, (if applicable), Plat Map, and Schedule B items.

**Wagscap, LLC,**
**a Utah limited liability company**

**Dynamic Capital, LLC,**
**a Utah limited liability company,**
**member**

BY: _Aaron Wagner_
   CACB7ECEDAEE482
   **Aaron Wagner, manager**

Acceptance of Community Property
with Right of Survivorship "Deed"
ACPTCP (DSI Rev. 02/07/20)                          Page 1

Last Saved:  9/27/2021 9:58 AM by SC4
Escrow No.:  75000572-075-SC4

EML-GOO-01-0071166



3900 E. Camelback Rd. #250
Phoenix, AZ 85018
Phone: (602) 474-5232
Fax: (602) 865-1874

## PROPERTY AND VESTING APPROVAL

To:   Grand Canyon Title Agency, A division of FNTA

Date: September 27, 2021
Escrow No.: 75000572-075-SC4
Property Address:
7323 E Shoeman Lane
Scottsdale, AZ 85251

The instructions in this escrow are modified, amended or supplemented as follows:

Buyer/Borrower vesting to read as follows:

**Wagscap, LLC, a Utah limited liability company**

Property Address to read as follows:

**7323 E Shoeman Lane, Scottsdale, AZ 85251**

Legal Description to read as follows:

PARCEL NO. 1:

Lot 68 and the East 1.00 foot of Lot 69, of CAMELBACK PARK PLAZA, according to Book 86 of Maps, page 13, records of Maricopa County, Arizona.

PARCEL NO. 2:

Lot 69 and the East 14.00 feet of Lot 70, of CAMELBACK PARK PLAZA, according to Book 86 of Maps, page 13, records of Maricopa County, Arizona;

EXCEPT the East 1.00 foot of Lot 69.

PARCEL NO. 3:

That portion of the Abandoned Alley lying South of and adjacent to Lots 68, 60 and the East 14.00 feet of Lot 70, of CAMELBACK PARK PLAZA, according to Book 86 of Maps, page 13, records of Maricopa County, Arizona, as abandoned by City of Scottsdale Resolution No. 3207, in Recording No. 89-407767, records of Maricopa County, Arizona.

PARCEL NO. 4:

A non-exclusive easement for (I) Ingress and Egress over and upon the Common Areas, Driveways, Entrances and Exits, and (II) Reciprocal Parking in Common Parking Areas, all set forth and according to the terms contained in Mutual Easements Agreement recorded in Docket 10120, page 471, records of Maricopa County, Arizona.

PARCEL NO. 5:

EML-GOO-01-0071167

A non-exclusive easement over and upon the easement property for Maintenance, Repair, Replacement and/or Enhancement of the Roof Overhang from existing building improvements, trash receptacle and bush as set forth in Easement Agreement in Recording No. 90-398939, records of Maricopa County, Arizona.

PARCEL NO. 6:

An exclusive easement for Parking Purposes consisting of 12 parking spaces as set forth and according to the terms contained in the Amended and Restated Exclusive Parking Easement in Recording No. 91-098756, records of Maricopa County, Arizona.

All other terms and conditions remain the same.

**Wagscap, LLC,**
**a Utah limited liability company**

**Dynamic Capital, LLC,**
**a Utah limited liability company,**
**member**

DocuSigned by:

*Aaron Wagner*

BY: _____
CACB7FCEDAFF402...
**Aaron Wagner, manager**

**Shoeman 3, LLC,**
**an Arizona limited liability company**

**Endeavoring Property Holdings, LLC,**
**an Illinois limited liability company**

By: _____
**Scott Jackson, manager**

Property and Vesting Approval
EI000041 (DSI Rev. 01/14/20)                    Page 2

Last Saved: 9/27/2021 9:58 AM by SC4
Escrow No.: 75000572-075-SC4

EML-GOO-01-0071168



**GRAND CANYON**

A Division of FNTA

**TITLE AGENCY**

3900 E. Camelback Rd. #250
Phoenix, AZ 85018
Phone: (602) 474-5232
Fax: (602) 865-1874

## FORWARDING ADDRESS

AFTER THE CLOSE OF ESCROW, THERE ARE CERTAIN DOCUMENTS THAT ARE MAILED TO THE BUYER AND ON OCCASION, CERTAIN DOCUMENTS ARE MAILED TO THE SELLER. IN ORDER THAT WE MAY BETTER SERVE YOU, PLEASE FURNISH THE MAILING ADDRESS THAT WE ARE TO USE **AFTER THE CLOSE OF ESCROW**.

### BUYER'S ADDRESS

Wagscap LLC                                              801 735 4656
_____
Buyer's Name                                            Phone #


4421 N Thanksgiving Way
_____
Address or P.O. Box


Lehi, UT 84043
_____
City, State, Zip Code


                          10/7/21
Effective Date: _____


### NOTE TO BUYER'S:

The Deed and Title Insurance will be sent to you in approximately 30-45 days after the close of escrow. Keeping that in mind, please indicate what mailing address should be used for mailing these documents.


(wiretrnsinch)(09-2010)

0DISBURSA1

EML-GOO-01-0071169



# THE SCOTTSDALE COLLECTION

Development Plan

EML-GOO-01-0071170



# CONCEPTUAL STREETSCAPE IMPROVEMENT PHASING PLAN

Plans, designs, guidelines and other elements of this document are conceptual only and subject to future modifications

78

EML-GOO-01-0071171



CONCEPTUAL STREETSCAPE IMPROVEMENT PHASING PLAN

Plans, designs, guidelines and other elements of this document are conceptual only and subject to future modifications

78

EML-GOO-01-0071172



# ILLUSTRATIVE MASTER PLAN

EML-GOO-01-0071173



# ILLUSTRATIVE CITY CENTER SITE PLAN

Plans, designs, guidelines and other elements of this document are conceptual only and subject to future modifications

80

EML-GOO-01-0071174



POTENTIAL CITY CENTER SITE PERSPECTIVE

EML-GOO-01-0071175



**LEGEND**

1. ENHANCED INTERSECTION
2. ENHANCED PEDESTRIAN WALK
3. TREE LINED STREET
4. EXISTING PEDESTRIAN WALK

# I L L U S T R A T I V E   M I N T   S I T E   P L A N

Plans, designs, guidelines and other elements of this document are conceptual only and subject to future modifications

89

EML-GOO-01-0071176



EML-GOO-01-0071177



**LEGEND**
1. ENHANCED INTERSECTION
2. ENHANCED PEDESTRIAN WALK
3. TREE LINED STREET
4. EXISTING PEDESTRIAN WALK

# ILLUSTRATIVE MAYA HOTEL SITE PLAN

Plans, designs, guidelines and other elements of this document are conceptual only and subject to future modifications

97

EML-GOO-01-0071178



**Southwest Corner**
HOTEL DESIGN | 10.14.2020

STOCKDALE CAPITAL PARTNERS  RSP

EML-GOO-01-0071179



**Main Entrance**
HOTEL DESIGN | 10.14.2020

EML-GOO-01-0071180



EML-GOO-01-0071181





